JAMES PLACE *vs.* R. M. GOULD.

Worcester.    Oct. 2. — Nov. 26, 1877.    ENDICOTT & LORD, JJ., absent.

In an action for the conversion of goods, attached by the defendant in a shop as the property of the person in possession, and claimed by the plaintiff under a previous sale from that person, there was evidence that the seller conducted the business of the shop, after the sale, in the same manner as before. *Held*, that evidence that the seller, after the sale and before the attachment, told a person that the goods he was then buying belonged to the plaintiff, who had bought him out, was admissible to show that, after the alleged sale, purchases and sales of goods were made by the plaintiff, or in his name.

TORT for conversion of certain goods. At the trial in the Superior Court, before *Dewey*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, the material parts of which appear in the opinion.

*W. S. B. Hopkins*, for the defendant.

*F. T. Blackmer*, for the plaintiff.

COLT, J. Goods in a shop were attached by the defendant as the property of Daniel Place. The plaintiff claimed title to them under a sale from Daniel previously made to him. The defendant introduced evidence tending to show that, after the alleged sale, the business of the shop was conducted in the same manner as before, without notice, or visible change, or claim of change, in the ownership of the property.

For the purpose of showing that, after the alleged sale to the plaintiff, the purchases and sales of goods in the shop were made by the plaintiff or in his name, a witness was permitted to testify that Daniel stated to him that the goods he was then buying were the goods of the plaintiff, and that the plaintiff had bought him out. This statement accompanied a sale of goods made in the shop after the plaintiff's title was acquired, and before the defendant's attachment. It was offered in reply to the defend-

ant's case for the purpose above stated, and, as we understand the exceptions, must be treated as admitted for that purpose only. The exceptions state that the judge admitted the testimony solely as tending to prove that there was a sale on the fourth of November, and that the business was carried on in the name of the plaintiff, and, as between him and Daniel, the property was treated as the property of the former, and not as bearing on the question whether the sale was fraudulent and void as to creditors. But, in view of the testimony of the witness, the purpose for which it was offered, and the restricted form of its admission, it is plain that it could not have been understood to have been admitted as competent to prove the disputed fact of the previous sale from Daniel to the plaintiff, except so far only as an actual change of possession and control of the property had a tendency to show an honest previous change of title. If the statement had been admitted for the more general purpose, the restriction stated by the judge would have been neither necessary nor proper. The evidence was not admitted as a narrative of a past transaction, the existence and validity of which was in controversy, but rather as a declaration in the nature of a verbal act accompanying a delivery of goods, and showing that, although they were delivered by the hand of the former owner, in the ordinary course of business, they were in fact sold by him as the property of the plaintiff. The fact that the seller remains in possession is evidence of fraud which may always be rebutted by showing that such possession was at the time declared to be the possession of the true owner by his servant or agent. The evidence here admitted was material and significant as explanatory of the apparent possession, and tended to defeat the inference, from the defendant's evidence, that there had been no change or claim of change in regard to it. The fact that the declaration was made, and not its truth or falsity, was the point relied on.

There is no want of harmony with this result in the decisions of this court. In *Boyden* v. *Moore*, 11 Pick. 362, which was an action like this, against an attaching officer for taking personal property of the plaintiff as the property of another, the declarations of the plaintiff as to the custody of the property were admitted to control the inference of fraud arising from the fact

that the property, after the alleged sale to the plaintiff, remained in the custody of his son, the vendor. Shaw, C. J., declared that they were rightly admitted, not as proof of the facts alleged, but as part of the *res gestæ*, and tending to show that the possession and acts of the son were those of an agent. In the decisions of many other states, this distinction is clearly recognized. *Blake* v. *White*, 13 N. H. 267. *Pomeroy* v. *Bailey*, 43 N. H. 118. *Walcott* v. *Keith*, 2 Foster, 196. *Jacobs* v. *Remsen*, 36 N. Y. 668. *Avery* v. *Clemons*, 18 Conn. 306. *Redfield* v. *Buck*, 35 Conn. 328. *Helfrich* v. *Stem*, 17 Penn. St. 143.

The cases cited by the defendant from our own reports stand upon the well established rule, that neither the subsequent declarations nor the subsequent acts of a grantor, or of one who has sold goods to another, are competent evidence to defeat or impair the purchaser's title on the ground that the sale was in fraud of creditors, and do not control the admission of such evidence, when produced only to show the character of the subsequent possession. *Horrigan* v. *Wright*, 4 Allen, 514. *Gates* v. *Mowry*, 15 Gray, 564. *Aldrich* v. *Earle*, 13 Gray, 578.

*Exceptions overruled.*