John W. McKim, Judge of Probate, vs. Bernard Foley.

Suffolk. January 20, 1898. — February 28, 1898.

Present: Field, C. J., Allen, Knowlton, Lathrop, & Barker, JJ.

*Bond — Genuineness of Signature — Expert Witness — Trial — Matter within the Discretion of Presiding Judge.*

In an action against the surety upon a bond, when the genuineness of the signature is denied, the plaintiff's counsel may be permitted, in his argument to the jury, to comment on the failure of the defendant to call as witnesses two experts in handwriting whom he has admitted that he has consulted with reference to his alleged signature.

Contract, upon a probate bond, purporting to have been executed by one Davidson as principal, and by the defendant as surety. At the trial in this court, before *Lathrop*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*C. F. Donnelly*, for the defendant.

*D. T. Dickinson*, for the plaintiff.

Field, C. J. The question of the genuineness of the defendant's signature on the bond in suit was the principal issue at the trial. The plaintiff put in the testimony of an expert in handwriting, that the signature of the defendant's name on the bond was genuine, and this was his only witness on this point. The exceptions then recite as follows:

" The defendant testified that he did not sign the bond in question; but upon cross-examination he testified that it was like his handwriting, but he did not remember having signed it. On re-examination he stated that, as a matter of recollection, he had not signed it.

" In the cross-examination of the defendant at the trial, the defendant was asked if he had consulted any experts in reference to his alleged signature on the bond.in controversy, to obtain their opinion and judgment on the handwriting of the signature, and the defendant was also asked the names of the experts, if he had consulted any. The counsel for the defendant objected to the questions, and the court overruled the objec-

tion, and the defendant excepted.  The witness then stated that two experts in handwriting, French and Kendall by name, had examined the alleged signature in his behalf.

" When the plaintiff's counsel was making his closing argument in the cause to the jury, he commented upon the testimony that the defendant had consulted two experts in handwriting on the question of the signature alleged to be his, and had failed to call such witnesses to testify as to their opinion on the subject.

" The counsel for the defence excepted to the comment of the counsel for the plaintiff, and the court, in reply to the exception, stated that the absence of witnessess who had been consulted and who could be called on that point was fairly open to argument by the plaintiff's counsel.

" In the course of the judge's charge to the jury in the cause, he stated that in this case it appears there were two experts who examined the bond in controversy for the defendant who were not called to testify, and the jury will give that fact such weight as they think proper.

" The counsel for the defendant then excepted to that part of the charge, and asked the court to rule that the fact that the defendant had not offered the evidence of experts in handwriting to disprove the allegation that the signature of his name to the bond in question is genuine, is not to be considered by the jury in the finding of their verdict.

" And the court refused so to rule, and stated that, while the defendant was not bound to call experts, yet if it appeared that the defendant had consulted experts, and could have called them but had not done so, the jury might consider this fact."

The counsel for the defendant contends that there should be a distinction in practice between the cases where the witnesses whom the party might have called but did not are witnesses to material facts, and those where the witnesses are experts who can testify only to opinions.  One ground urged for such a distinction is, that before experts can testify they must first be found qualified by the presiding justice, and that a party never can know with certainty whether persons whom he has consulted as experts will be found qualified, and it is argued that in the present case there was no evidence offered that the alleged experts were qualified to express any opinion upon the genuineness of

the signature which was in dispute. It also may be suggested that ordinarily courts do not compel the attendance of experts upon payment of the statutory fee for witnesses, and it may be that a party cannot afford the expense of procuring their attendance; and sometimes when called they have no very definite opinions which they are willing to express. The practice of permitting counsel to comment on the failure of the opposing party to call witnesses to facts needs to be used with caution, and such comment should be permitted only where it appears that the witnesses could have been produced, and that it is a fair inference from the conduct of the party, under all the circumstances, that he knew or believed that the testimony of the witnesses would be adverse, and for that reason did not produce them. *Commonwealth* v. *Finnerty*, 148 Mass. 162, 167.

Greater caution undoubtedly should be used in permitting any such comment where the witnesses are experts. But it may happen that the experts are well known and have been present in court and have been consulted frequently by a party and his counsel during the trial, and yet they are not called. In such a case, and in others which can easily be supposed, it might be a fair inference that the party did not call them as witnesses because he knew their testimony would be adverse. In such matters a good deal must be left to the discretion of the justice presiding at the trial.                    *Exceptions overruled.*