CHRISTINA A. JONES *vs.* BOSTON AND NORTHERN STREET
RAILWAY COMPANY.
STEPHEN W. JONES *vs.* SAME.

Suffolk.  November 23, 1911. — May 22, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Conduct of trial: requests and rulings, closing argument, Exceptions. *Witness.*

Where at the trial of an action of tort for personal injuries two of four witnesses who have testified for the plaintiff are shown in cross-examination statements in writing signed by them setting forth many of the facts essential to the plaintiff's case in a manner contrary to their testimony in direct examination, and they then testify that the facts as set forth in the statements in writing are true, and that, so far as their testimony in direct examination was inconsistent with the statements in writing, it was wrong, the presiding judge, because he is not obliged to select any portion of the evidence and rule upon its effect independently of the other evidence, cannot be required to rule or to. instruct the jury that they would not be warranted in finding the defendant liable upon the testimony of either or of both such witnesses.

At the trial of an action against a street railway company for injuries caused by the plaintiff being thrown down by the sudden starting of a street car of the defendant from which he was alighting in a station in a subway in Boston, it appeared that an employee of another corporation operating cars in the same station procured the names of several persons as possible witnesses to the accident, and he was a witness for the defendant. While the defendant called as many witnesses as there were persons who gave their names to the employee of the other corporation, it did not appear that all the persons whose names he procured were called to testify. In his closing argument to the jury the plaintiff's counsel argued in substance that the names so procured were known to the defendant, and that the witnesses had not been called because they would have testified to facts favorable to the plaintiff. At the close of the arguments the defendant's counsel asked the judge to rule in substance that there was no evidence that the defendant had not produced every witness to the accident that it was in its power to produce. The ruling was refused. The defendant did not ask for any other instruction or ruling with regard to the plaintiff's argument. *Held,* that on the evidence the ruling asked for could not have been given; .and that, although the argument of the plaintiff was not proper because the names referred to were in the possession of a stranger to the litigation so that it was no more the duty or right of the defendant than of the plaintiff to produce the witnesses in question, yet, because the defendant had not asked for any action by the trial judge with regard to such impropriety in the argument, no such question was before this court.

Two ACTIONS OF TORT, the first for personal injuries alleged to have been suffered by the plaintiff by reason of her having been thrown down by the starting of a street car of the defendant as she was alighting from it in the Scollay Square station of the subway in Boston; the second by the husband of the plaintiff in the first for loss sustained by reason of her injuries. Writs dated August 21, 1908.

In the Superior Court the cases were tried together before *Lawton, J.* Besides the plaintiff in the first action, three witnesses testified for the plaintiff as to the circumstances of the accident, two of whom were one Samuel A. Bergey and his wife. In cross-examination of Bergey and his wife, they were shown statements in writing signed by them which set forth several material facts relating to the accident to the plaintiff contrary to their testimony in direct examination, and they testified in substance that the statements in writing truly stated the facts and that their testimony in direct examination, wherever inconsistent with the statements in writing, was erroneous.

At the close of the evidence, the defendant asked the judge to rule as follows:

"1. As a matter of law the jury would not be warranted in finding liability on the part of the defendant upon the testimony of the witness Mr. Bergey.

"2. As a matter of law the jury would not be warranted in finding liability on the part of the defendant upon the testimony of the witness Mrs. Bergey.

"3. As a matter of law the plaintiffs would not be entitled to a verdict at your hands upon the testimony of the [witness] Mr. Bergey as he finally left his evidence.

"4. As a matter of law the plaintiffs would not be entitled to a verdict at your hands upon the testimony of the witness Mrs. Bergey as she finally left her evidence."

Other facts are stated in the opinion.

The jury found for the plaintiff in the first case in the sum of $2,000, and for the plaintiff in the second case in the sum of $150; and the defendant alleged exceptions.

*D. E. Hall,* for the defendant.

*R. H. Sherman,* for the plaintiffs.

HAMMOND, J. The presiding judge was not obliged to select

any portion of the evidence introduced by the plaintiffs, whether given by one witness or more, and rule upon its effect independently of the other evidence bearing upon the same issue; and therefore there was no error of law in refusing the first four rulings requested by the defendant.

The counsel for the plaintiffs in his closing argument declared that the defendant had not produced certain witnesses whose names he argued were on certain slips of paper in the possession of the Boston Elevated Railway, and he argued that the failure of the defendant to produce them was evidence for the jury to consider. His language on this subject was as follows: "Now let us see what else. They got the names of three witnesses. Well, you can't complain about that. What else could they do? The starter for the Boston Elevated road took the names of the witnesses to that accident on slips of paper and sent them to the Boston Elevated Claim Department, the said department where this heel was sent. And there is, on the testimony in this case, in the office of the Boston Elevated Railroad, that bitter enemy of the Boston and Northern, as my friend would have you believe, a report of this accident from the starter in that station, with the names of witnesses which he took at that time and which my friend you know had access to so he could go and get a copy of the report. Where are those witnesses? Where are those witnesses that were on the slips that were sent to the Boston Elevated Railroad? Of course, they knew and found out who the witnesses were. Why my friend goes out of his way all over the country to bring in witnesses of all kinds and descriptions so that it has taken three days to try this case, and the important witnesses whose names are on that report, he don't dare to bring into this court room, — why? Well, there is only one reason; if those witnesses whose names were taken would say that they were there and saw that car at a standstill and that the car never started and moved a foot or an inch, those witnesses would be here, gentlemen, and you have a right to say, and it is reasonable and probable for you to say that the reason he don't bring those witnesses here whose names were taken is because they would substantiate the story of this plaintiff and they would say that this car moved and that is what caused her to be thrown back. That is the reason they are not here."

At the close of the plaintiffs' argument the defendant requested the judge to instruct the jury that there was "no evidence that the defendant company had not produced in court all of the witnesses to the accident which were known to it and which it was its duty and within its power to produce," and subsequently, before the jury retired, it asked a ruling that there was "no evidence that we have not produced every witness to that accident that it was in our power to produce," and again, that "it appears that we have produced every witness we could here." The judge refused to give either of these instructions and the defendant excepted.

Without reciting the evidence in detail it is sufficient to say that these requests were properly refused. It could not have been ruled as matter of law that the defendant had produced every witness it could have produced, nor even that it had produced every witness whose name was on the list handed in by O'Connell * to his employer the Boston Elevated Railway Company. While it is true that the defendant called in addition to its conductor and motorman and O'Connell three other witnesses to the accident, and while it is also true that these last may have been those whose names were on O'Connell's list, the defendant had not proved that they were the same, and the question so far as material was for the jury. The rulings were properly refused.

Nevertheless the argument of the plaintiffs seems not to have been legitimate. Even if the defendant had not produced all whose names were on O'Connell's list, there was nothing to show that those absent could not have been produced as well by the plaintiffs as by the defendant. The list was in the possession of the Boston Elevated Railway Company, a stranger to the litigation. It was no more the duty or right of the defendant than of the plaintiffs to produce these witnesses. Nor was there any peculiar relation shown between them and the defendant such as to justify an unfavorable inference against the latter by failing to call them. See *McKim* v. *Foley,* 170 Mass. 426, for statement of the law on this subject.

It is to be noted however that the only exception taken by the defendant was to the refusal to give the requests above mentioned. It is now argued in its behalf that even if the presiding judge was

* A starter on duty at the station, who was called as a witness by the defendant.

right in refusing to rule as requested, still he should have instructed the jury as to when and under what circumstances an unfavorable inference may be drawn against a party who fails to produce a witness whom it is in his power to produce. But it does not appear that the defendant made that request at the trial, and the question is not now open to it. It simply contended that there was no evidence of the existence of any such witness. There was no error in the manner in which the court dealt with that contention.

*Exceptions overruled.*