MARY L. DONAHOE *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.      January 13, 1913. — February 26, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Exceptions, Judge's charge. *Carrier,* Of passengers. *Negligence,* Street railway.

Where a party to an action takes an exception to a portion of the charge of the presiding judge relating to a certain subject on the ground that it is insufficient, and the judge thereupon asks the excepting counsel what he requires to make the charge sufficient and receives a reply relating only to another subject, this is a waiver of the exception so far as it related to the subject not mentioned by the counsel.

At the trial of an action against a street railway company for personal injuries alleged to have been caused by a collision between a cart and a car of the defendant on which the plaintiff was a passenger, the presiding judge instructed the jury in substance that the care required to be exercised toward the passengers by the motorman operating the defendant's car was the utmost care consistent with running the business of the defendant. *Held,* that this instruction, although it well might have been amplified, was not erroneous.

The use of the phrase "highest degree of care" in defining the duty of a common carrier of passengers toward its passengers, which often has been approved, is sufficiently exact for practical purposes. When the safety and lives of human beings are entrusted to the charge of a carrier it is only reasonable care on the part of such a carrier to exercise the utmost caution that is compatible with the conduct of its business according to the requirements of the public as to rapidity, expense and comfort.

TORT for personal injuries sustained on September 18, 1908, when the plaintiff was a passenger on an electric street car of the

defendant, alleged to have been caused by a collision of such car with a cart on North Beacon Street in that part of Boston called Brighton. Writ dated September 19, 1908.

In the Superior Court the case was tried before *Dubuque,* J. The character of the evidence is described in the opinion. The jury returned a verdict for the plaintiff in the sum of $6,000; and the defendant alleged exceptions to certain portions of the charge, raising the questions which are stated in the opinion.

The case was submitted on briefs.

*J. E. Hannigan,* for the defendant.

*D. H. Coakley,* for the plaintiff.

RUGG, C. J. These exceptions relate only to the charge. No requests for instructions were presented, but at the close of the charge objections were made.

It seems from the record that one of the chief controversies at the trial related to the question, whether the plaintiff was thrown from her seat and injured by a collision between the car of the defendant, on which she was a passenger, and a cart. A considerable amount of evidence was introduced upon this issue, a number of witnesses having testified (so far as the record shows all who were present, except the plaintiff) that no one was thrown out of a seat by the jar of the collision. The charge made no reference to this subject, and at its close the counsel for the defendant called attention to this omission, stating that it was "the main question." The judge then, in three or four brief sentences, touched this branch of the case. It is not necessary to determine whether this was an adequate instruction upon so important an issue, because no exception was saved on this point. It is true that the attorney for the defendant excepted to its insufficiency, but when the judge asked what he required as sufficient, the only reply related to another subject. The judge was well within his right in asking for a statement of the specific grounds of objection. When the answer omitted all reference to that point it must be assumed that the exception in this respect was waived and the additional charge regarded as adequate.

Exception also was taken to the inaccurate statement that the law imposed upon the motorman the highest degree of care consistent with running the car. This was modified by the judge when attention was directed to it, to the extent of saying in sub-

stance that the degree of care required was the utmost care consistent with running the business of the defendant. It well might have been amplified in accordance with what was said in *Gardner* v. *Boston Elevated Railway*, 204 Mass. 213, 217, and the numerous cases there cited. *Glennen* v. *Boston Elevated Railway*, 207 Mass. 497. But it cannot be held incorrect or erroneous. Criticism is made further to the use of the phrase, "highest degree of care" in this connection. But this has been approved many times. It is brief and easily understood, and is sufficiently exact for practical purposes. When closely analyzed it means that passengers of necessity surrender to a common carrier all power of control over the conveyance in which they are transported. Thereby, the carrier becomes bound to exercise the degree of care which the circumstances demand. When the safety and lives of human beings are committed thus so completely to the charge of the carrier and the consequences of negligence on its part may be fraught with so much danger, it is only reasonable care to exercise the utmost caution which is compatible with the conduct of the business, according to the requirements of the public, as to rapidity, expense and comfort.

*Exceptions overruled.*