CATHERINE BUCKLEY, administratrix, *vs.* BOSTON ELEVATED RAILWAY COMPANY.

SAME *vs.* SAME.

Middlesex.     January 16, 1913. — May 24, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* Street railway. *Carrier. Practice, Civil,* Exceptions, Conduct of trial: judge's charge; rulings and instructions; argument before jury. *Evidence,* Of state of mind, Absent witness. *Witness. Words,* "Negligence," "Highest degree of care."

The word "negligence," as used in St. 1907, c. 392, § 1, giving a right of action where "a corporation which operates a railroad or a street railway, by reason of . . . the . . . negligence of its servants or agents . . . causes the death of a passenger," means the want of care which the law requires under the circumstances disclosed in each case.

The phrase, "highest degree of care," which has come to be used commonly as expressing the duty of a common carrier toward its passengers, when accurately analyzed, means only that degree of caution which is reasonable in view of the relation of the parties and the fatal consequences which may ensue from a breach of that duty. By RUGG, C. J.

At the trial of an action for causing personal injuries to and the death of one who was alleged to have been thrown to the ground by the starting of an open street car as he was boarding it, the defendant's evidence tended to show that the deceased ran and attempted to board the car while it was in motion. The judge in his charge gave certain instructions to the jury relating to the duty of the conductor before starting the car to wait for persons desiring to board it. At the close of the charge the defendant objected to that portion of the charge, and the plaintiff's counsel, in the hearing of the jury, stated that he was willing that the jury should be instructed "that a man running and jumping on a moving car cannot recover." The judge then so charged the jury, stating that he did so "with the consent of the plaintiff," and the defendant excepted. *Held,* that any error in the charge on the subject referred to was cured by the additional instructions given; and that, although it is not good practice for the counsel to suggest in the hearing of the jury instructions that he is willing should be given, no harmful error was shown in this case.

At the trial of an action for the conscious suffering and death of one alleged to

have lost his life by reason of negligence of an employee of a street railway company, evidence is admissible, for the purpose of proving the state of mind of the injured person after the injury and, by inference, his mental suffering, which tends to show that he said, after the accident and before the bringing of the action, that his back was broken and he knew that he was not going to get better.

At the trial of an action against a street railway company for causing personal injuries to and the death of a passenger, the plaintiff's counsel, after questioning the conductor of the car in cross-examination in regard to the number of witnesses whose names he had taken and eliciting the fact that the witness could not answer accurately without reference to a report *in writing* made by him to the defendant, asked the defendant's counsel, "May I see the report for the purpose of refreshing his recollection?" The defendant's counsel offered to produce the report if the plaintiff wanted it to put it in evidence, but not otherwise. The plaintiff did not accept the condition. The witness did not ask for the report. The plaintiff's counsel in his closing argument stated that the defendant did not dare to produce the report because it would disclose that it contained the names of witnesses whom the defendant did not call because, if called, they would have corroborated the plaintiff's evidence. The defendant objected to the argument but the trial judge refused to stop it or to rule it out as improper and in his charge to the jury instructed them that "any argument that was made upon the situation . . . was a proper argument to make." The defendant excepted. *Held*, that the exception should be sustained, because the argument was unfair and unwarranted by the evidence, and the charge did not correct the error.

Two ACTIONS OF TORT, the first being for the conscious suffering, and the second for the death of one Daniel J. Buckley, alleged to have been caused by the starting of an open street car of the defendant as he was in the act of boarding it. Writs dated August 16, 1907.

In the Superior Court the cases were tried together before *Hitchcock,* J. The material facts are stated in the opinion.

Portions of the judge's charge to which the defendant excepted, which are referred to in the opinion, were as follows:

"Now, referring to the question whether a person becomes a passenger or not: If a street car stops at a usual stopping place for the purpose of receiving passengers, or if it stops in response to a signal that a person desires to take a car, it is then considered that an invitation is extended to persons waiting to take the car at that place or have signalled the car, to become a passenger, and if that invitation is extended, it is the duty of the company to give an opportunity for all persons to enter the car who desire to do so, and it has been said that the mere giving of reasonable time is not sufficient. A conductor in charge of a car must know, as far as he can by the exercise of due care, caution

and diligence — I use that expression as an expression that has been used in our courts — it is his duty to know, if he can by the exercise of due care, caution and diligence, that all persons who desire to board the car at that place have done so, or, at least, have so far proceeded in the boarding of the car as to make it reasonably safe to start the car, before he should give any signals to start the car. If a car is at a stop for the reception of passengers and the conductor, making a proper observation, does not see anybody further desiring to board the car, then he, of course, has a right to give a signal to go ahead, although it may be that somebody may run after the car while, under the circumstances disclosed, the fact that the person desiring to take the car was not known to the conductor or would not have been known to him if he had made this reasonable investigation that I have referred to, then there was no negligence on his part in starting the car."

At the close of the charge the defendant's counsel objected to the foregoing portion of the charge. The plaintiff's counsel then in the hearing of the jury, stated : "I am perfectly willing your honor should say that a man running and jumping on a moving car cannot recover; I am perfectly willing your Honor should say that and say that is assented to by the plaintiff;" and the judge stated to the jury, "With the consent of the plaintiff I instruct you as a matter of law that if the jury find that the plaintiff — meaning by that the deceased person — after the car had started, ran out and attempted to get on the car, and fell and was injured, the plaintiff is not entitled to recover in either action." The defendant's counsel excepted to this method of dealing with the questions of law raised by him.

In the midst of the argument of the plaintiff's counsel which is characterized in the opinion as "unfair and unwarranted," the defendant's counsel interrupted to interpose an objection, when the judge asked him to put his request in writing, and the plaintiff's counsel continued with an argument of the same tenor. At the close of the argument the defendant's counsel presented a request in writing that the jury be instructed "that any refusal on the part of the defendant's counsel to submit a conductor's report is immaterial to the issue and not a proper subject of argument." In his charge the judge dealt with this request as follows:

"Now, in the course of the argument the question was raised, and I am asked by the attorney for the defendant to instruct the jury, that any refusal on the part of the defendant's counsel to submit to you evidence of the conductor's report is immaterial to the issue and not a proper subject of argument. Very many years ago in this Commonwealth the question was raised in court as to whether a witness upon the stand would be required to consult a memorandum when he did not want to, and in that case, according to the report, the witness declined to look at a memorandum which was laid upon the table to refresh his recollection, and declined to so do unless directed by the court, and the court directed him to do so. . . . [Here followed a quotation from the opinion of Shaw, C. J., in *Chapin* v. *Lapham,* 20 Pick. 467, 472, 473, and then the judge continued:] . . .

"That question arose where the witness himself declined to consult a memorandum. In this case request was made that he be allowed to consult a memorandum which apparently was in the possession of the counsel for the defendant. No appeal was made to the court, and no order was made by the court in regard to it.

"The parties must leave the matter to you just as it stood before you, and any argument that was made upon the situation to you was a proper argument to make, and the jury are entitled, of course, to draw what inferences would reasonably and naturally be drawn from that which appears to them. You are not at liberty to guess anything, but you are at liberty to infer from that which is presented to you that which from the ordinary expression and meaning might be considered as usual to follow or would result from that which is presented to you."

The jury in answer to a special question found that the plaintiff's intestate did not attempt to board the car while it was in motion and found for the plaintiff in the first case in the sum of $750, and in the second case in the sum of $2,800.

The defendant alleged exceptions.

*H. D. McLellan,* for the defendant.

*R. H. Sherman,* for the plaintiff.

RUGG, C. J. These are two actions whereby the plaintiff seeks to recover for the conscious suffering and the death of her intestate, who received fatal injuries from a car of the defendant company.

1. The defendant's request that a verdict be directed for it in each action was denied rightly. There was evidence from which it might have been found that the plaintiff's intestate, approaching toward the rear an open car of the defendant for the purpose of becoming a passenger, was beckoned by the conductor to a point farther forward, and as he was in the act of getting upon the car it started under such conditions that he lost his hold and was injured. In view of these facts it is too plain for further discussion that a general verdict for the defendant ought not to have been directed. While the weight of the evidence on the printed record seems to indicate strongly that the accident happened in another way, it does not as matter of law require such a finding.

2. The defendant contends that it is not liable for the death of a passenger caused by the act of a servant who is in the exercise of ordinary care but fails to attain to the highest degree of care consistent with the conduct of its business. St. 1907, c. 392, under which this action is brought, is a penal statute. *Jones* v. *Boston & Northern Street Railway*, 205 Mass. 108. It gives a cause of action if the life of a passenger is lost "by reason of the . . . negligence of its agents or servants while engaged in its business." Negligence in this connection means the want of care which the law requires under the circumstances disclosed in each case. If the degree of care required is the highest consistent with the conduct of the business of the common carrier, then the negligence referred to in the statute is a failure to exercise that degree of care. Indeed, the phrase, "highest degree of care," which has come to be used commonly as expressing the duty of a common carrier towards its passengers, when accurately analyzed, means only that degree of caution which is reasonable in view of the relation of the parties and the fatal consequences which may ensue from breach of this duty. *Donahoe* v. *Boston Elevated Railway*, 214 Mass. 70. See *Renaud* v. *New York, New Haven, & Hartford Railroad*, 206 Mass. 557, 560. The contention of the defendant in this regard cannot be supported.

3. It is not necessary to determine whether the portion of the charge excepted to was inaccurate, in that it omitted to state with clearness and fulness the element that the conductor was not obliged to wait for those running from a distance and in

that way expressing a desire to board the car, although not then in a position to avail themselves instantly of the invitation to become passengers held out by the stopping of the car, and that such invitation might be withdrawn at any time before actually accepted by a would-be passenger, ( *Davey* v. *Greenfield & Turner's Falls Street Railway,* 177 Mass. 106. *Duchemin* v. *Boston Elevated Railway,* 186 Mass. 353,) nor to determine whether the charge as given was adapted to the evidence for the reason that at the conclusion of the charge the judge further instructed the jury that if the plaintiff's intestate attempted to board the car after it was started, the plaintiff was not entitled to recover in either action.  This was sufficiently favorable to the defendant.  This additional charge was given at the request of counsel for the plaintiff made in the hearing of the jury.  While it is not good practice for the counsel to suggest in the hearing of the jury instructions which he is willing should be given, it cannot be said that any harmful error is disclosed in this regard.

4. There was no error in the admission of the testimony to the effect that the plaintiff's intestate said, before the bringing of the present action, that his back was broken and he knew that he was not going to get better.  As appears from the tenor of the question, it was offered not for the purpose of proving the physical condition of the intestate but his state of mind, and by inference his mental suffering.  This was admissible under R. L. c. 175, § 66, which has been liberally construed.

5. During the cross-examination of the conductor of the defendant's car, the counsel for the plaintiff, after inquiring as to the number of witnesses whose names were taken by him, and eliciting the fact that he could not tell precisely how many there were upon the accident report made by him, asked counsel for the defendant, "May I see the report for the purpose of refreshing his recollection as to the number of witnesses ?  I just want him to take it."  The reply was a proffer of the report if the plaintiff wanted it to go in evidence, but not otherwise.  The witness did not ask for the report for the purpose of refreshing his recollection.  In his argument to the jury, counsel for the plaintiff referred to this circumstance, and argued at length that "the defendant did not dare to produce the report for the reason that

if he had done so it would appear that the report contained the names of witnesses whom the defendant did not call and could not call for the reason that if they had been called, they would have substantiated the plaintiff's contention as to the manner in which the accident happened." Seasonable interruption was made and exception taken to this argument. Although requested, the trial judge refused to rule that the argument was improper.

The defendant's exceptions to this incident must be sustained. The argument was unfair and unwarranted by the evidence. Not only did the defendant not refuse to produce the report, but proffered it to the plaintiff on condition that it should be introduced in evidence. Under these circumstances, there was no ground for the inference that the defendant had not called all the witnesses that were named in the report, nor that it had failed to call them for the reason suggested. This is a repetition of the same argument under slightly different circumstances, which was remarked "not to have been legitimate" in *Jones* v. *Boston & Northern Street Railway*, 211 Mass. 552, 555. As was said by Chief Justice Field in *McKim* v. *Foley*, 170 Mass. 426, at 428: "The practice of permitting counsel to comment on the failure of the opposing party to call witnesses to facts needs to be used with caution, and such comment should be permitted only where it appears that the witnesses could have been produced, and that it is a fair inference from the conduct of the party, under all the circumstances, that he knew or believed that the testimony of the witnesses would be adverse, and for that reason did not produce them." The charge of the judge failed to correct the error.

*Exceptions sustained.*