VIDA S. WALKER, administratrix, *vs.* MARTINA A. GAGE.
SAME *vs.* SAME.

Middlesex.    January 12, 1916. — March 2, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence*, Causing death, In use of highway. *Evidence*, Presumptions and burden of proof. *Death. Proximate Cause.*

At the trial of an action by an administrator for the conscious suffering and death of the plaintiff's intestate alleged to have been caused by his having been run over at half past five o'clock on an afternoon late in November by an ice

wagon negligently driven by an employee of the defendant, there was evidence that the driver and the intestate were travelling on the same street toward each other and toward a point where a second street intersected the first at right angles, that the driver as he approached the second street quickened the pace of the horses; that the intestate, coming to the second street, hesitated before crossing it until he saw that the wagon was well across it and apparently was going to continue straight ahead past him on the first street; that then he started across the second street, but had gone only a few steps when the wagon suddenly swung around to turn into the second street and ran over him; that the driver kept on his way without stopping, and that a gas lamp at the corner was lighted. *Held*, that there was evidence of negligence of the driver and of the due care of the plaintiff's intestate required by R. L. c. 171, § 2, as amended by St. 1907, c. 375.

Where, at the trial of an action by an administrator under R. L. c. 171, § 2, as amended by St. 1907, c. 375, for causing the death of the plaintiff's intestate, a man sixty-six years of age, it appears that the intestate was run over by an ice wagon driven by an employee of the defendant and there is evidence that at the time of his injury he was subject to periodical attacks of gall bladder disease and that the immediate cause of his death was blood poisoning resulting from the condition of the gall bladder, and experts testify that the accident lowered his vitality, set up an active inflammation, and impaired his power to resist the attacks, and that but for the accident he probably would have lived longer, the question, whether the death was caused by the accident, is for the jury.

Two ACTIONS OF TORT, the first for conscious suffering and the second for the death of the plaintiff's intestate, Benjamin Hirst, alleged to have been caused by his being run over at half past five o'clock in the afternoon of November 23, 1910, by an ice wagon negligently driven by an employee of the defendant. Writs dated respectively March 18 and July 3, 1911.

In the Superior Court the cases were tried together before *Stevens*, J. The evidence is described in the opinion.

In the first action there was a verdict for the plaintiff in the sum of $2,000, which later on a motion by the defendant for a new trial was reduced to $1,200. The defendant alleged exceptions to a refusal by the judge to order a verdict in his favor.

In the second action the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*T. W. Proctor*, (*A. P. Sawyer* with him,) for the defendant.

*J. M. O'Donoghue*, for the plaintiff.

De Courcy, J. On the evening of November 23, 1910, about half past five o'clock, at or near the junction of Aiken and Perkins streets, in Lowell, the plaintiff's intestate, Benjamin Hirst, was run over and injured by a two-horse wagon, and there was ample

evidence that it was an ice wagon. It was owned by the defendant, and was being driven by one of her employees. In the action for personal injuries, brought by Hirst, there was a verdict for the plaintiff; and in the action later brought by the administratrix for his death the presiding judge directed a verdict for the defendant. The exceptions in both cases raise the questions whether there was evidence for the jury of the negligence of the driver and of the due care of Hirst. The further question in the second case is, was there evidence entitling the plaintiff to go to the jury on the claim that the accident caused the death of her intestate.

There was evidence on which the jury could find the facts to be as follows: Aiken Street runs in a southerly direction from the Merrimack River, and intersects Perkins Street at about a right angle. The ice wagon came southerly from the Aiken Street bridge, and the driver quickened the pace of the horses as he approached Perkins Street. Hirst, who was walking in a northerly direction on Aiken Street and was south of Perkins Street, saw the ice wagon coming toward him. When he reached Perkins Street he hesitated until he saw that the wagon was well across that street, and apparently was going to continue straight ahead on Aiken Street. He then started to cross Perkins Street but had taken only two or three steps when the ice wagon swung suddenly round into Perkins Street and ran over him. The driver proceeded on his way without stopping, and he testified that he saw no one near the crossing. The gas lamp at a corner of the two streets was lighted. On these facts, if believed, there was evidence for the jury of the due care of the deceased and of negligence on the part of the defendant's driver. *Hennessey* v. *Taylor*, 189 Mass. 583. *Crimmins* v. *Armstrong Transfer Express Co.* 217 Mass. 155.

The evidence that the accident caused the death of Hirst was somewhat meagre. He was a man sixty-six years of age, subject periodically to attacks of gall bladder disease, and the immediate cause of his death was blood poisoning resulting from the condition of the gall bladder. There was expert testimony, however, to the effect that the accident lowered his vitality, set up an active inflammation and impaired his power to resist the attacks; and that but for it he very probably would have lived longer.

There also was evidence of lessening vitality, suffering and loss of flesh after the accident. While in the hospital from November 23 to December 12, he suffered acute pain in the region of the back, where marks indicated the passing of the wheels over him. In our opinion there was evidence proper for the consideration of the jury that the accident hastened the death of Benjamin Hirst and caused it to occur sooner than it would have happened otherwise. That is enough legally to make the accident the proximate cause of his death. *Wiemert* v. *Boston Elevated Railway*, 216 Mass. 598. *Larson* v. *Boston Elevated Railway*, 212 Mass. 262. *Brightman's Case*, 220 Mass. 17. *Madden's Case*, 222 Mass. 487.

In the original action the defendant's exceptions must be overruled. In the death case the plaintiff's exceptions are sustained.

*Ordered accordingly.*