RALPH C. ESTES, assignee, *vs.* ABRAHAM L. AARON.

Suffolk. March 12, 1917. — May 25, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Agency,* Undisclosed principal. *Election. Evidence.*

In an action for goods sold and delivered to the defendant as the undisclosed principal of the defendant's brother, who had pretended to buy the goods from the plaintiff for himself, where the plaintiff introduces evidence warranting a finding that the defendant's brother was in fact the agent of the defendant to buy goods for him, that the store at which the goods were delivered belonged to the defendant and that the goods purchased from the plaintiff were offered for sale there by the defendant, and where the plaintiff also shows that the defendant's brother stated that the defendant was merely a clerk in the store and knew nothing about the business, it is right for the trial judge to refuse to rule, that the plaintiff by charging the goods to the defendant's brother and by demanding payment of the purchase money only from him, before the plaintiff discovered that the brother was acting as the agent of the defendant, made an election to accept the defendant's brother as his debtor, there being no election unless the plaintiff's action was taken after he knew with reasonable certainty that the defendant was the undisclosed principal in the transaction, and it being a question of fact whether the plaintiff had such knowledge.

In the case above described there was evidence that the defendant, when solicited by the plaintiff to buy the goods from the plaintiff, had said that

his brother "did the buying for the concern," and it was *held* that this in connection with the other evidence described above warranted a finding that the defendant's brother was the agent of the defendant and had authority to bind him.

In the same case it was *held* that the declarations of the defendant's brother as to his place of business, the reasons that he gave for being without a rating in mercantile agencies, his assertions of personal honesty, his production of cancelled notes, his statement that the defendant knew nothing about the business and his representation that the defendant was simply a clerk in the store were admissible in evidence as oral and other acts incidental to the declarant's application for credit, and that they also were admissible to show the declarant's state of mind, his relation of agent for the defendant as undisclosed principal having been established by other evidence.

CONTRACT by the assignee for the benefit of creditors of the F. B. Stanton Company, a corporation, to recover $231.25 for goods sold and delivered to the defendant, Abraham L. Aaron, through his brother Eli Aaron acting as the defendant's agent. Writ in the Municipal Court of the City of Boston dated January 10, 1916.

The evidence at the trial in the Municipal Court is described in the opinion. At the close of the evidence the defendant asked the judge to make six rulings, of which the judge made the second and the sixth. The others were as follows:

"1. Upon all the evidence the plaintiff is not entitled to recover."

"3. If the plaintiff's assignor, with full knowledge that the defendant was an undisclosed principal for whom one E. Aaron had purchased the goods declared upon by the plaintiff in his declaration, assigned the claim to Grafton and Drake, who in turn made demand upon E. Aaron and no demand upon the defendant for payment of said account, there has been an election on the part of the plaintiff, or his assignor, or predecessor in title, and he cannot recover.

"4. If the plaintiff, in August of 1915, had knowledge that the defendant was the undisclosed principal of one Eli Aaron, and if subsequent to said date the said plaintiff, or his assignor or predecessor in title, offered to take notes from the said Eli Aaron in full payment of the claim, this shows an election on the part of the plaintiff, and he cannot recover.

"5. If the plaintiff, or his assignor, with full knowledge of the fact that the defendant was the undisclosed principal for Eli Aaron,

by its conduct or his conduct, thereafter holds the said Eli Aaron responsible for the subject matter of this suit, there has been an election on the part of the plaintiff, and it cannot recover."

The trial judge refused to make any of these rulings and made the following finding:

"I find as a fact, however, that at no time prior to commencing suit against Abraham L. Aaron did the plaintiff have such full and definite knowledge of the relation of principal and agent existing between Abraham and Eli Aaron as to make his, or his assignor's prior dealings with Eli Aaron equivalent to an election to hold Eli Aaron as the principal."

The judge found for the plaintiff in the sum of $235.53, and at the request of the defendant reported the case to the Appellate Division. The Appellate Division made an order dismissing the report; and the defendant appealed.

*M. Tobey,* for the defendant.

*W. M. Stockbridge,* for the plaintiff.

PIERCE, J. This is an action for the price of goods bought by the defendant's brother Eli and delivered at the defendant's place of business. The main question is whether there is any evidence to warrant the finding of the judge who heard the case, that the defendant was the undisclosed principal in the purchase.

It was in evidence that the defendant was the sole owner of the store; that the goods all were delivered at the store with the exception of one small order sent to Rockland, Maine; that the defendant kept all his stock in his show-case; that the brother of the defendant "never puts things in his show-case;" that the goods, purchased by the brother of the defendant from the time the assignor (hereinafter called the plaintiff) opened an account with the brother to the time of this action, were displayed in the store and were not separated from other merchandise in the show-case; that the goods in the show-case were placed there by the defendant, and that, excluding watches and other things not jewelry, about fifty per cent of the merchandise on display was merchandise purchased from the plaintiff. Further, there was testimony that the defendant, when solicited by the plaintiff to buy, said, "Eli Aaron did the buying for the concern." This was evidence enough to warrant a finding that Eli was the agent of the defendant and had authority to bind him.

The declarations of the brother as to his place of business, his reasons for being without a rating in different mercantile agencies, his assertion of personal honesty, his production of cancelled notes, his statement that his brother (the defendant) knew nothing about the business, and his representation that the defendant was simply a clerk in the store, were verbal acts incidental to his application for credit, and were clearly admissible. *Allen* v. *Duncan,* 11 Pick. 308. The evidence was also admissible to show the state of mind of the purchaser. For his state of mind at the moment of buying determined whether the purchase was on his own account or on that of the defendant. *Jefferds* v. *Alvard,* 151 Mass. 94. The declarations were not received to prove the authority of Eli to act for the defendant, but were admitted and conditional on the undertaking of the plaintiff "to show that the relation of principal and agent existed between the defendant and said Eli Aaron." There being evidence of an undisclosed agency the dealings between agent and vendor may be shown including the statements of the agent.

The testimony of the plaintiff in answer to the question "What talk did you have with their (Grafton and Drake's) representative as to the claim in this suit?" in the main, in substance, was a repetition of testimony of the plaintiff given in cross-examination. The additions to and explanations of that testimony were intended to meet and to answer the claim that the plaintiff, with full knowledge that the defendant was an undisclosed principal for whom E. Aaron had purchased the goods, had assigned the claim to Grafton and Drake who in turn made demand on E. Aaron and no demand upon the defendant for payment of the account, thereby showing an election on the part of the plaintiff to look to Eli Aaron.

Upon the issue whether the plaintiff had elected to look to Eli Aaron and not to the defendant, the plaintiff had the right to have his intention determined from his words and conduct and from all the various circumstances which attended the case. *Lund* v. *Tyngsborough,* 9 Cush. 36. *Place* v. *Gould,* 123 Mass. 347. Before the plaintiff could be required to make his election whether he would look to the agent or the principal, he had the right to know with reasonable certainty the liability of the newly discovered principal. *Raymond* v. *Crown & Eagle Mills,* 2 Met. 319. He

had the right to consider that the defendant denied that he was the principal. *Gay* v. *Kelley*, 109 Minn. 101. His presentment of claim was not conclusive evidence as a matter of law to treat the agent as the only debtor, nor, indeed, is the mere commencement of suit a conclusive election as a matter of law whatever may be its force as evidence of an election as a matter of fact. *Raymond* v. *Crown & Eagle Mills, supra. Weil* v. *Raymond*, 142 Mass. 206, 213.

There is nothing in the record from which it can be determined whether the trial judge did or did not draw an inference favorable or otherwise to the plaintiff or the defendant, from the failure of either of them to produce the agent as a witness. If we assume that an inference was drawn against the contention of the defendant, we cannot say that the conclusion was wrong as a matter of law.

*Order dismissing report affirmed.*