CATHERINE G. LITTLE, administratrix, *vs*. MASSACHUSETTS
NORTHEASTERN STREET RAILWAY COMPANY.

Essex. June 26, 1917. — January 10, 1918.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, CROSBY, PIERCE, &
CARROLL, JJ.

*Pleading, Civil*, Waiver of formal defect. *Negligence*, Proximate cause. *Proxi-
mate Cause*. *Witness*, Inference from failure to call. *Evidence*, Presumptions
and burden of proof.

In an action, before the enactment of St. 1914, c. 553, against a street
railway corporation by an administrator for causing the death of the
plaintiff's intestate, the defendant, after having taken part in the trial
of the case on its merits without objecting to the form of the declaration,
cannot raise for the first time, at the argument before this court of its
exception to the refusal of the presiding judge to order a verdict for it, the objec-
tion that the declaration contains no allegation that at the time of the injury
that caused his death the intestate was in the exercise of due care.

In an action by an administrator for causing the death of the plaintiff's intestate
by an injury due to the negligence of a servant of the defendant, if it appears
that by reason of the negligence of the defendant's servant the plaintiff's
intestate sustained an injury to his kidneys that was the immediate cause of his
death which was hastened thereby from one to two years, a finding is warranted
that the injury was the proximate cause of his death.

In an action by an administrator against a street railway corporation for causing
the death of the plaintiff's intestate by reason of the carriage in which he was
driving one horse and leading another being overturned when the defendant's
motorman, as the plaintiff alleged, sounded the whistle on his car just as he was
opposite the carriage and when the horses were frightened and were prancing
and the intestate had held out his hand to warn the motorman of their condition
of fright, there was evidence of a declaration of these facts by the intestate, and
the controlling question of fact to be decided was whether the defendant's
motorman sounded the whistle when his car was abreast of the frightened horses
driven and led by the intestate. It appeared, upon the cross-examination of one of
the defendant's witnesses, that the motorman who was operating the defendant's
car at the time of the accident, and who no longer was in the defendant's
employ, was downstairs in the court house "with the other witnesses," and the
defendant asked the presiding judge to rule that "Upon all the evidence in this
case no inference can be drawn against either the plaintiff or the defendant
for failure to produce the motorman." The judge refused to make this ruling
and left it to the jury to determine what inference, if any, was to be drawn
in favor of, or against, either party, from the failure to call the motorman as
a witness. *Held*, that the refusal of the judge to make the ruling requested
and his instruction to the jury both were right.

The mere fact that a witness is available to both parties does not necessarily
preclude a jury from drawing an inference from the failure to produce him.

TORT by the widow of Edwin C. Little, late of Merrimac, as the administratrix of his estate, for conscious suffering and death of the plaintiff's intestate alleged to have been caused by the negligence of the motorman operating a street railway car of the defendant at about six o'clock in the afternoon of September 21, 1911, when the intestate was in a covered carriage driving one horse and leading another on the highway between Amesbury and Merrimac.   Writ dated August 27, 1912.

In the Superior Court the case was tried before *Dana,* J.   The evidence is described in the opinion.   At the close of the evidence the defendant asked the presiding judge to order a verdict for it on the second count of the declaration, which was for causing the death of the intestate.   The judge refused to order such a verdict for the defendant.   The defendant's contentions upon its exception to this refusal are stated in the opinion.   The defendant's other exception was to the refusal of the judge to make the ruling, requested by the defendant, that "Upon all the evidence in this case no inference can be drawn against either the plaintiff or the defendant for failure to produce the motorman of the car."   The evidence referred to in this requested ruling and also the instruction of the judge to the jury in regard to it are stated in the opinion.

The jury returned a verdict for the plaintiff in the sum of $1,450 on the first count for conscious suffering and in the sum of $2,000 on the second count for causing death.   The defendant alleged exceptions.

The case was submitted on briefs in June, 1917, and afterwards was submitted on briefs to all the justices.

*J. J. Ryan,* for the defendant.

*E. S. Underwood,* for the plaintiff.

DE COURCY, J.   The first count in the declaration was for the conscious suffering, and the second count was for the death of Edwin C. Little, the plaintiff's intestate, both alleged to be due to the negligence of the defendant's motorman.

1. At the close of the evidence the defendant moved that a verdict in its favor be directed on the second count.   In support of that motion it now is argued that this count contained no allegation that Little was in the exercise of due care.   It seems quite apparent that the absence of this allegation was not called to the

attention of the presiding judge, and that the case was tried on the assumption that the pleadings were in the usual form. The omission, if disclosed, doubtless would have been cured by an amendment. The defendant saw fit to try the case on the merits in the trial court and cannot take advantage of this objection by raising it for the first time in this court.

The further argument in support of its motion for a directed verdict is, that the evidence did not warrant a finding that the accident to Little on September 21, 1911, was the cause of his death. There was evidence that the immediate cause of death was an injury to the kidneys caused by the accident, and that the accident hastened the death of Little from one to three years. This was enough legally to warrant the jury in finding that the accident was the proximate cause of his death. *Wiemert* v. *Boston Elevated Railway*, 216 Mass. 598. *Walker* v. *Gage*, 223 Mass. 179.

Plainly there was evidence that Little exercised due care and that the defendant's motorman was negligent, and the defendant does not argue to the contrary. *Ellis* v. *Lynn & Boston Railroad*, 160 Mass. 341. *Partridge* v. *Middlesex & Boston Street Railway*, 221 Mass. 273.

2. The other exception is to the judge's refusal to give the following instruction, requested by the defendant: "Upon all the evidence in this case no inference can be drawn against either the plaintiff or the defendant for failure to produce the motorman." The testimony presented by the plaintiff had tended to show the following facts: On September 21, 1911, at about six o'clock in the afternoon, Little was driving from Amesbury to Merrimac in a covered carriage, driving his own horse and leading another. He was proceeding down Pond Hill, on the right side of the road, when an open car of the defendant came down the hill on the left side of the road. As the car came round a curve, about two hundred and fifty feet behind the carriage, the whistle was blown several times. The horses became frightened and pranced and so continued as the car approached them from behind. Little held out his hand to warn the motorman; but when the car got opposite the carriage the motorman sounded the whistle again and the horses jumped and overturned the carriage.

The defendant called as witnesses to the accident three pas-

sengers and the conductor of the car, who no longer was in its employ. The passengers did not remember any blowing of the whistle and the former conductor testified that the car whistle was blown once before the horses came in sight, but that he did not remember whether it was blown afterwards.

The cross-examination of one of the defendant's witnesses disclosed the fact that Bailey, the motorman of the car, was downstairs in the court house "with the other witnesses." The claim agent testified that Bailey was a witness at the last trial of the case, and that he had not been in the employ of the company since May, 1915. The defendant rested its case without calling Bailey as a witness.

In this state of the evidence a majority of the court are of the opinion that the judge rightly refused to give the instruction requested. The controlling question of fact was, Did the motorman sound the whistle when the car was abreast of the frightened horses? The plaintiff had introduced the declaration of Little in the affirmative and thus established a *prima facie* case of liability. The jury well might expect the defendant to meet that testimony if it was not true by producing Bailey, the only living witness who was able to contradict it, it appearing that it was in the power of the defendant to call him. In *McKim* v. *Foley*, 170 Mass. 426, 428, it was said by Field, C. J.: "The practice of permitting counsel to comment on the failure of the opposing party to call witnesses to facts needs to be used with caution, and such comment should be permitted only where it appears that the witnesses could have been produced, and that it is a fair inference from the conduct of the party, under all the circumstances, that he knew or believed that the testimony of the witnesses would be adverse, and for that reason did not produce them." The mere fact that a witness is available to both parties does not necessarily preclude a jury from drawing an inference from the failure to produce him. If the state of the evidence is such that the burden devolves upon one party of meeting a fact as to which the other party has made out a *prima facie* case, and the testimony of the absent witness would be material on that issue, and he is available to the party that reasonably would be expected to call him, then the determination of what, if any, inference should be drawn from his absence is for the jury. *Lothrop* v. *Adams*, 133 Mass.

471, 477. *Tully* v. *Fitchburg Railroad,* 134 Mass. 499. *Harriman* v. *Reading & Lowell Street Railway,* 173 Mass. 28, 38. *McKim* v. *Foley, supra. Fletcher* v. *Willis,* 180 Mass. 243. *D'Addio* v. *Hinckley Rendering Co.* 213 Mass. 465. *Estes* v. *Aaron,* 227 Mass. 96, 100.

In *Fitzpatrick* v. *Boston Elevated Railway,* 223 Mass. 475, relied on by the defendant, the absent motorman had been discharged by the railway company previous to the first trial, had testified for it at the first and second trials, and at the third for the plaintiff. It did not appear that it was the duty or within the power of either party to produce him in court, "or even that he was alive."

In the present case the presiding judge rightly left it to the jury to determine what inference, if any, was to be drawn in favor of, or against, either party, from the failure to call Bailey as a witness. And the defendant makes no complaint of the instructions actually given.

*Exceptions overruled.*