## South Covington & Cincinnati Street Railway Company v. Elder.

(Decided November 14, 1924.)

### Appeal from Campbell Circuit Court.

1. Carriers—May Maintain Turnstile and Keep it Locked until Operator Satisfied Required Fare has Been Paid.—Carrier has right to maintain turnstiles, and to require all persons intending to board its cars to pass through them, and to keep them locked until operator is reasonably satisfied required fare has been paid.

2. Carriers—Duty of Passenger Passing Through Turnstile Not to Run Against it with Such Force as to Injure Herself.—It is duty of passenger, in attempting to pass through turnstile to board cars, not to run against it with such force as to injure herself, and if she does so she is guilty of contributory negligence.

MATT HEROLD for appellant.

HORACE W. ROOT and IRWIN C. ZITT for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

The appellee recovered a judgment against appellant for $1,500.00. The appellant, South Covington & Cincinnati Street Railway Company, operates a system of street railways in and through Kenton and Campbell counties, into the city of Cincinnati, where it has its terminus in what is called the Dixie Terminal. At the north end of the terminal is a row of booths, and turnstiles where intending passengers must deposit their fare at the wicket of the booth. The operator then releases the turnstile and permits the passenger to pass through same into the lobby or space for boarding the cars. This turnstile automatically locks itself and must be unlocked by the operator before another passenger can pass through it.

The appellee in her petition alleges that on April 10, 1922, she paid her nickel at the wicket and attempted to pass through the turnstile, and that the operator suddenly locked it so as to prevent her passage, thus causing her to violently strike the turnstile with her stomach and abdomen, internally and permanently injuring her.

The appellant by answer denied the allegations in her petition, and pleaded contributory negligence on the part of the appellee, which she controverted. On the trial of the case, appellee introduced her own testimony and that of a Mr. Spencer, to the effect that the operator had barred her passage through the turnstile because the operator claimed her nickel had dropped on the floor, and she was compelled to pay another nickel before the operator would release the turnstile. Her testimony further showed that it was not her passage through the turnstile that caused her injury, but that she was injured by reason of other persons following her who rushed against her and pressed her against it.

The evidence, however, showed that she was at the turnstile, that Mr. Spencer was at the window and be-

tween her and Spencer there was one other person. The proof showed that from the center of the window to the turnstile was a distance of four feet three inches. Thus it would clearly appear there could have been no great amount of crowding of the appellee against the turnstile.

At the conclusion of appellee's testimony the appellant moved the court for a peremptory instruction, which the court overruled. This was error. The appellant had the right to maintain the turnstile described in the proof and to require all persons intending to board its cars to pass through same, and to keep it locked until the operator was reasonably satisfied that the required fare had been paid. It was the appellee's duty in attempting to pass through this turnstile to use ordinary care for her own safety and to not run against it with such force as to injure herself.

Therefore, the judgment is reversed and this cause remanded for further proceedings consistent with this opinion.