**COLOSIA v. SAN ANTONIO TRANSIT CO. et al.**

No. 11960.

Court of Civil Appeals of Texas.
San Antonio.

June 8, 1949.

Rehearing Denied July 6, 1949.

P. H. Long, San Antonio, Oliver & Peace, San Antonio, for appellant.

Lang, Byrd, Cross & Ladon, San Antonio, for appellees.

W. O. MURRAY, Justice.

This suit was instituted by Dolly Colosia against San Antonio Transit Company and its bus driver C. L. Wells, seeking to recover damages for personal injuries allegedly sustained by plaintiff when she attempted to alight from a bus owned by the Transit Company and operated by C. L. Wells. The trial court sustained the special exceptions of defendants and, upon plaintiff's refusal to amend, dismissed her suit; from which order Dolly Colosia has prosecuted this appeal.

We here copy the following statement from appellant's brief, to-wit:

"In appellant's third amended original petition, it is alleged the San Antonio Transit Company is a common carrier of passengers for hire; and that at the time of appellant's injuries, she was a passenger on said bus, having paid the usual and customary fare in cash charged by the appellee Transit Company; that the bus on which appellant was injured was equipped with doubling or folding doors on its right, rear side, designed to be operated manually by passengers on leaving the bus; that as appellant was leaving the bus by said door, she was immediately preceded by another woman passenger who caused the bus doors to open; that when said other woman passenger had completed her exit, said doors violently closed on appellant, causing her to fall to the ground sustaining injuries.

"It is further alleged that appellant had never before ridden a bus equipped with doors that passengers operated themselves, and that she had always theretofore ridden buses which had doors mechanically operated and controlled by the driver; that there was no notice or warning given her that the doors in question were not under the control and operation of the driver of the bus; and that it was negligence to fail to maintain control over said doors and leave the control of same to passengers without notifying or warning appellant of the nature of their operation. Appellant further alleged that she could not more fully describe

336

the nature of said doors and the manner in which they were operated because said information was peculiarly within the knowledge of the appellee Transit Company, and she had no other source of obtaining such information."

The question presented is whether or not appellant's Third Amended Original Petition stated a good cause of action. We are of the opinion that it did not. The substance of the act of alleged negligence relied upon by appellant is that the Transit Company was guilty of negligence in having its bus equipped with push-type doors designed to be manually operated by passengers leaving the bus and in permitting appellant to attempt to alight from its bus without warning her as to how the doors operated in view of the fact that appellant had never seen this push-type door before and was accustomed to doors mechanically operated and controlled by the driver. There is no allegation that the push-type doors were defective in construction, improperly maintained or were unsuitable and unfit for the purpose used. Plaintiff simply says that she was unaccustomed to such doors and that the driver should have warned her. There is no allegation that doors of this type are not in common use and that the public generally are unaccustomed to their use, but, simply, that plaintiff was unaccustomed to this type of doors. Nor does plaintiff allege that the driver was in any way aware of the fact that she was unaccustomed to such doors. It seems to us that the manner in which the doors operate is rather simple, open and obvious to all. There is nothing hidden or unusual about the operation of such doors. Appellees' exceptions were properly sustained by the trial court and upon appellant's refusal to amend her cause of action was properly dismissed.

Appellant contends that the case of Hess v. Cincinnati State Railway Company, 29 Ohio N.P., N.S., 67, is directly in point. We do not think so. That case involved what is called a treadle type exit door. When the passenger stepped upon the treadle the door would open, enabling the passenger to alight. The case was not one involving the sufficiency of the plaintiff's pleadings. It appears there was evidence that the treadle door was defective and that ordinarily the door would not close while a passenger was standing on the treadle, but in this instance the door closed while plaintiff was standing on the treadle, causing the injury. The plaintiff there alleged, among other things, as follows: " * * * by reason of the carelessness, recklessness, and negligence of the conductor, the agent and employee of the defendant in charge of the car, and the defective mechanism of the exit door located in the middle of the right side of said car known as a treadle car, said door was not properly opened and secured, with the result that plaintiff in following another passenger alighting from the car was struck in the face, head, and body with great force by said door which closed upon her breaking her spectacles and throwing her into the street."

The question, therefore, before the court was the "defective mechanism of the exit door." The court said: "The trial court was of the opinion that as there was no evidence of any defect in the mechanism of the door, that therefore there was no evidence of negligence. This Court is of the opinion that it cannot be said as a matter of law that there was no evidence of negligence."

The mere fact that a bus door closes and injures a passenger does not raise an inference of negligence and render the carrier liable for the injuries under the doctrine of res ipsa loquitur. Brehm v. Atchison, T. & S. F. R. Co., 111 Kan. 242, 206 P. 868, 25 A.L.R. 1061; 10 Am.Jur. 337; Wood v. Pennsylvania R. Co., 111 Pa. Super. 430, 170 A. 367; MacGill-Allen v. New York, New Hampshire & H. R. Co., 229 Mass. 162, 118 N.E. 248; South Covington & C. Street R. Co. v. Elder, 206 Ky. 178, 266 S.W. 1088, 40 A.L.R. 826.

The further question arises as to whether or not it was the duty of the bus driver to warn appellant that the doors were operated by the passengers pushing them open, that they automatically closed when released, and were not operated by the driver, in view of the fact that she had never before ridden upon a bus with push-

doors, and the only type with which she was familiar was the type operated mechanically by the driver. There is no allegation that the bus driver was aware of the fact that appellant was unfamiliar with push-type doors. There is no allegation that the push-type door was a novel and new device with which appellee's patrons were generally unfamiliar; that it had not been in use for a sufficient length of time to enable patrons to learn the manner and method of its use, and that it was a device of such unusual nature as not to be understood and comprehended by the average person without special notice or warning. The allegations were insufficient to show that it was the duty of the bus driver to have warned appellant as to the method of the operation of the push-type door. 10 Am.Jur. § 1396; Valentine v. Northern Pacific Pac. Railway Co., 70 Wash. 95, 126 99.

The judgment is affirmed.