## JOB STICKLEY'S CASE.

Suffolk.    November 9, 1914. — December 30, 1914.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Workmen's Compensation Act.*

On an appeal from a decree of the Superior Court confirming a decision of the Industrial Accident Board, where the decision of that board recites that they "heard the parties" and also that they affirm and adopt the findings of the committee of arbitration, and the insurer states in its brief that the decision of the board is based upon the facts found by the committee on arbitration, and it is assumed by this court that a statement contained in the report of the committee of arbitration can be construed to be a statement that all the evidence before that committee is reported, it cannot be assumed by this court that all the evidence on which the Industrial Accident Board made their findings and decision is before this court in the absence of any statement in the record to that effect.

CROSBY, J.   This is an appeal from a decree of the Superior Court confirming the decision of the Industrial Accident Board. The employee received an injury on December 13, 1912, which resulted in the loss of four fingers of his right hand.   It is conceded by the insurer that he was wholly incapacitated for work by reason of the injury, from that date until May 16, 1913, when he obtained employment from his former employer as a watchman, for which he was paid at the rate of $14 a week; and later he was put back on his old job as a pile driver at $2.75 a day. Between May 16 and October 17, 1913, he worked eighteen days. It is agreed that he is entitled to compensation for partial incapacity from July 11 to October 17, 1913.

There was evidence that since October 17, 1913, he has been unable to obtain employment on account of this disability, although he has made diligent efforts to get work.

The committee of arbitration has found that on account of his incapacity to work and his inability to secure employment the employee is entitled to $8.25 a week from October 17, 1913, the date when the partial incapacity ceased, for an indefinite period subject to the right of review under § 12 of St. 1911, c. 751, Part

III. This is equivalent to a finding of total incapacity for work since October 17, 1913.

The Industrial Accident Board also has found that the employee has been totally incapacitated for work by reason of his injury since October 17, 1913; that this finding is made subject to the right of either of the parties to a review under § 12 of St. 1911, c. 751, Part III.

The insurer contends (1) that "As a matter of law, there being no physical change, a man who has once been found to be only partially incapacitated cannot again become totally incapacitated for any reason;" and (2) "Even if, as a matter of law, a man may without physical change become totally incapacitated after being only partially incapacitated, such a situation has not here arisen."

We are of opinion that these contentions are not open to the insurer. The report of the committee of arbitration states that "the material testimony was substantially as follows;" then follows the testimony of certain witnesses, including that of the employee; if this statement can be construed as a statement that all the evidence is reported, still, there is nothing in the record to show that all the evidence submitted to the Industrial Accident Board and upon which it made its decision is reported to this court.

The Industrial Accident Board recites in its decision that it "heard the parties," and also that it "affirms and adopts the findings of the committee of arbitration." The insurer states in its brief that the decision of the board is based upon the facts found by the committee of arbitration; the employee, on the other hand, contends that all the evidence is not reported by the board and is not before this court. We cannot assume that all the evidence upon which the Industrial Accident Board made its findings and decision is before us in the absence of any statement in the record to that effect. It cannot be determined, therefore, whether the rulings requested by the insurer should have been given. Accordingly the entry must be

*Decree affirmed.*

*W. B. Luther,* for the insurer.

*F. W. Dallinger,* (*T. W. Cunningham* with him,) for the employee.