## IRA B. BRIGHTMAN's (dependent's) CASE.

Suffolk.    December 1, 1914. — December 31, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Workmen's Compensation Act.    Proximate Cause.*

Under the provision of the workmen's compensation act contained in St. 1911, c. 751, Part III, § 7, as amended by St. 1912, c. 571, § 12, by which the arbitration committee is required to file with the Industrial Accident Board its decision in regard to an injury "together with a statement of the evidence submitted before it, its findings of fact, rulings of law and any other matters pertinent to questions arising before it," it is made the duty of the arbitration committee to report all the material evidence, and it therefore is to be assumed in the absence of any statement on the subject in the report that this duty has been performed; although in a report of a decision of the Industrial Accident Board such a statement would be necessary to show that all the material evidence before that board was reported.

Where, therefore, on an appeal by an insurer from a decision of the Industrial Accident Board, it appears that that board heard the case only on the report of the arbitration committee and heard no other evidence, this court will assume that all the evidence is reported, although no statement to that effect appears in the record, and it is open to the insurer to argue that the findings are not warranted upon the evidence reported.

It here was *said* by the court, that in the reporting of appeals from decisions of the Industrial Accident Board in future cases it would be desirable to have a clear statement as to whether that board heard the case only upon the report of the arbitration committee or whether in addition to that report evidence was received at the hearing before the board.

Where it appears that a cook employed upon a lighter, who was required to live on board a large part of the time, when the lighter was sinking in a harbor made several trips to and from the deck of the lighter in saving some of his clothes and a surveying instrument, and, as he had valvular disease of the heart, his exertion and the excitement incident to the loss of the vessel caused him to die on the pier of a dock shortly after he had reached it with his clothes and the instrument, it can be found by the Industrial Accident Board that the injury that caused his death arose out of and in the course of his employment within the meaning of the workmen's compensation act.

RUGG, C. J. On this appeal from a decree made under the provisions of the workmen's compensation act, it is contended by the dependent that the question, whether the findings are supported by the evidence, is not open.

By St. 1911, c. 751, Part III, § 7, as amended by St. 1912, c. 571, § 12, the arbitration committee is required to file with the Industrial Accident Board its decision, "together with a statement of the evidence submitted before it, its findings of fact, rulings of law and any other matters pertinent to questions arising before it." No party is entitled to a second hearing as matter of right before the Industrial Accident Board upon any question of fact. Section 10 of Part III.

It seems from the record and the course of the argument in this court that no evidence was received by the Industrial Accident Board, but that its hearing was confined in this respect to the matters reported by the arbitration committee. The finding and decision of the Industrial Accident Board is not explicit in this respect. It would be desirable to have the fact stated definitely in order that occasion for doubt may be removed in future cases. But we feel warranted in making that assumption in the case at bar for the reasons stated. In any event it is an assumption in favor of the appealing party. It must be assumed that the arbitration committee performed its duty and reported

all the material evidence. The procedure in this respect differs from that on exceptions from the Superior Court, where, if the sufficiency of the evidence to support the verdict or finding is raised, it must appear that the material evidence is set forth. And the procedure also differs from that on findings and decision of the Industrial Accident Board. *Stickley's Case,* 219 Mass. 513. The positive duty resting on the arbitration committee to report all material evidence supplies the absence of the express statement required in a bill of exceptions. It follows that it is open to the insurer to argue that the findings are not supported by the evidence reported.

The deceased employee was a cook upon a lighter, where his employment required him to live and to be a large part of the time. The craft began to sink and he then made several trips to and from the deck in an attempt to save some of his clothes and a surveying instrument. With these he hastened to the pier of a dock, where he died soon after. He had suffered from valvular disease of the heart, and his exertions in the effort to save his belongings and the excitement incident to the loss of the vessel so aggravated the heart weakness as to cause his death. The perils of the sea were risks arising out of and in the course of the employment of the deceased. The sinking of the boat obviously was one of these perils. It is impossible to say as matter of law that it is not one of the instincts of humanity to try to save from a sinking vessel all of one's possessions that reasonably can be secured. The deceased perhaps exerted himself too much for this purpose, although it would be difficult on the evidence to determine to how great an extent the fatal result was due to that cause rather than to the excitement of the occasion. Under these circumstances the calm and wisdom of quiet and safety cannot be expected. Much must be excused to the surrounding commotion.

The deceased did not abandon the service of his employer and embark on a venture of his own when he tried to save his clothing. It was an implied term of such service as this that the employee might use reasonable effort to this end in an exigency like that which arose. This is not an instance where the discipline of a ship was violated or a higher duty neglected. It was in the course of his employment to live upon the lighter. What-

ever it was reasonable for any one to do leaving a sinking vessel which was his temporary home was within the scope of his employment. The standard to be applied is not that which now, in the light of all that has happened, is seen to have been directly within the line of labor helpful to the master, but that which the ordinary man required to act in such an emergency might do while actuated with a purpose to do his duty. The cases relied upon by the insurer, collected in 25 Harv. Law Rev. 420, 421, are distinguishable. They all are instances of conduct by the employee quite outside the scope of the employment resting upon intelligent abandonment for the moment of duty to the employer. In the case at bar there may be found to be apparent to the rational mind a causal connection between the employment and the thing done by the employee at the time of the sinking of the lighter. *McNicol's Case*, 215 Mass. 497.

Acceleration of previously existing heart disease to a mortal end sooner than otherwise it would have come is an injury within the meaning of the workmen's compensation act. *Wiemert* v. *Boston Elevated Railway*, 216 Mass. 598. *Clover, Clayton & Co. Ltd.* v. *Hughes*, [1910] A. C. 242. The finding of the Industrial Accident Board that the death of the employee arose out of and in the course of his employment was warranted by the evidence.

*Decree affirmed.*

*J. T. Swift*, for the insurer.

*J. H. Kenyon, Jr.*, for the dependent widow.

