GEORGE RAY'S CASE.

Hancock.    Opinion December 22, 1922.

*The phrase "incapacity for work" as used in the Workmen's Compensation Act has come to mean through repeated judicial definition not merely want of physical ability but lack of industrial opportunity.*

Loss of wages due to the workman's fault, subsequent to the accident or to his illness not connected with the accident, does not entitle him to greater compensation. The same is of course true of loss occasioned by general business depression. But greater physical disability due to the accident is "increased incapacity" and so, if traceable to the accidental injury, is the necessity of accepting less remunerative employment.

The petitioner suffered an industrial accident losing three fingers and after a period of presumed total incapacity for which he was compensated entered into an agreement with his employer for compensation for partial disability. This agreement was based upon the wages that Ray was then receiving as a stage driver. He later lost his job and was unable, owing to his crippled condition, to obtain employment except at a rate of wages greatly reduced. His physical condition was unchanged. The Chairman of the Industrial Accident Commission found that his "incapacity for work" had increased. . In this finding there was no error of law.

On appeal. George Ray, the petitioner, while in the employ of the Frenchmen's Bay Packing Company, on July 17, 1920, received by accident an injury to his left hand necessitating the amputation of

the second, third and fourth fingers.    He received for a period specific
compensation for an assumed total disability.    Later he entered into
an agreement for compensation for partial incapacity.    This pro-
ceeding was brought under Sec. 36, Chap. 238, Public Laws of 1919,
for a review on the ground that his "incapacity has increased."    His
physical condition remained unchanged, but his incapacity to earn
wages had increased he alleged.    Upon a hearing the Chairman of
the Industrial Accident Commission decreed that the compensation
be increased to $5.85 per week, and an appeal was taken by respond-
ents.    Appeal dismissed.    Decree affirmed.

The case is fully stated in the opinion.

*Gray & Sawyer*, for the plaintiff.

*Andrews, Nelson & Gardiner*, for defendants.

SITTING:  SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

DEASY, J.    This is an appeal by the defendants in a workman's
compensation case.    The act governing the case and which is herein
referred to is Public Law of 1919, Chapter 238.

The petitioner suffered an industrial accident on July 17, 1920,
losing three fingers of his left hand.    In accordance with Section 16
he received for a period specific compensation for an assumed total
disability.    He then entered into an agreement with his employer
and insurance carrier for compensation for partial incapacity.    He
now brings his petition under Section 36 for review on the ground
that his "incapacity has increased."

His physical condition admittedly remains the same as when the
agreement was made.    But the petitioner affirms that while his mere
physical condition is unchanged his incapacity to earn wages has
increased, and that for this reason he is entitled to larger compensa-
tion.

The facts which, as the petitioner claims, entitle him to increased
compensation are these:    After the period of assumed total incapac-
ity the petitioner as provided by Section 15 entered into an agree-
ment with his employer and insurance carrier, approved by the
commission, for compensation at $2.49 per week.    At the time this
agreement was made he was employed in driving a stage at $60 per
month, or $13.85 per week.    His wages before the injury were $18
per week.    The difference is $4.15.    Three-fifths of $4.15 is $2.49.

The agreement was made accordingly. But he lost the job as stage driver and says that notwithstanding diligent efforts he can obtain no employment by which he can earn more than a small fraction of $60 per month.

. He admits that his physical capacity is unchanged, but says that his incapacity to earn wages has increased and that under Section 36 he is entitled on review to have his compensation increased.

The Chairman of the Industrial Accident Commission, deciding the facts finally, decreed that the compensation be increased to $5.85 per week.

The sections involved are Section 15 under which awards are made of compensation for partial "incapacity for work" and Section 36 which provides for reviews in case of increased or diminished incapacity.

The defendants contend that the word "incapacity" as used in . Section 36 has the same meaning as the phrase "incapacity for work" in Section 15, to wit, physical disability. They therefore urge that there can be no review without proof of increased (or diminished) actual physical disablement. But the phrase "incapacity for work" appears in practically all Workmen's Compensation Statutes and has come to have a well-settled meaning. It includes according to nearly all authorities not merely want of physical ability to work but lack of opportunity to work.

"Incapacity for work means loss of earning power as a workman in consequence of the injury whether the loss manifests itself in inability to perform such work as may be obtainable or inability to secure work to do." Honnold on Workmen's Compensation, Vol. 1, Page 599.

"That 'incapacity for work' means inability to get work because of the injury, as well as inability to perform the work because of the injury, seems to be fairly established." L. R. A., 1916, A. 380 (Note).

"The House of Lords has . . . . in unequivocal terms, laid down the proposition that 'incapacity for work' may mean physical inability to do work so as to earn wages, or it may mean inability to earn wages by reason of inability to get employment." L. R. A. 1916, A. 381 (Note).

Among the cases supporting the authorities above quoted are *Sullivan's Case*, 218 Mass., 141; *Stickley's Case*, 219 Mass., 513;

*Duprey's Case*, 219 Mass., 189; *Gorrell* v. *Battelle*, (Kan.), 144 Pac., 244; *Jordan* v. *Decorative Co.*, (N. Y.), 130 N. E., 635; *Ball* v. *Hunt*, 5 B. W. C. C., 450; *MacDonald* v. *W. & C. Coal Co.*, 5 B. W. C. C., 478.

The statute adopts as the measure of compensation for partial incapacity the difference between the wages of the workman before the injury and "the wages that he is able to earn thereafter." Section 15.

The defendants contend that a workman is able to earn the going wages paid others for work that he has the physical capacity to do even though he can by no effort however diligent and persistent secure the opportunity to do such work.

We agree with the Massachusetts Court that this reasoning is unsound. *Sullivan's Case*, 218 Mass., 141.

The intent of the law is to secure to the workman a percentage of the wages which he has lost through incapacity caused by accidental injury. It measures the loss by the difference between his earnings before and what he is able to earn after the accident.

Loss of wages due to the workman's fault subsequent to the accident or to his illness not connected with the accident does not entitle him to greater compensation. The same is of course true of loss occasioned by general business depression. *Durney's Case*, 222 Mass., 461; *Jordan* v. *Decorative Co.*, 130 N. E., 634.

But greater physical disability due to the accident is "increased incapacity" and so, if traceable to the accidental injury, is the necessity of accepting less remunerative employment.

Turning to the facts in the pending case it appears that Ray's compensation was fixed by agreement with reference to the wages that he was earning when the agreement was made. The subsequent lessening of his earnings is not shown to have been due to any fault of his nor to general business depression but was apparently due rather to a general disinclination on the part of persons requiring help to employ maimed or crippled men when sound men are available.

The Chairman of the Industrial Accident Commission has found that Ray's incapacity has increased and determined the extent of the increase. We perceive no error of law.

*Appeal dismissed;*
*Decree affirmed.*