**Robert P. BOWEN**

**v.**

**MORIN BRICK COMPANY and American Mutual Life Insurance Co.**

Supreme Judicial Court of Maine.

Dec. 3, 1969.

**42**

Powers & Bradford, by James G. Palmer, Freeport, for plaintiff.

Mahoney, Desmond, Robinson & Mahoney by Lawrence P. Mahoney and William B. Mahoney, Portland, for defendants.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, WEATHERBEE, and POMEROY, JJ.

MARDEN, Justice.

On appeal from a pro forma decree entered by the Superior Court affirming a dismissal by the Industrial Accident Commission of appellant's petition for further compensation.

After a period of total incapacity awarded appellant for injury received as brickyard laborer and fork lift truck operator, employer petitioned for review and by decree dated July 10, 1968 the Commission found:

> "That in fact the employee has a work capacity and that there is no reason why he should not attempt to return to his employment * * *. In order to give the employee an opportunity to adjust to the thought of returning to work, it is ordered that compensation be continued for a period of 30 days from the date of this Decree and then stop."

Compensation ceased on August 10, 1968.

Following termination of compensation appellant obtained work with an independent jobber as a motor equipment operator, but alleged that his condition was such that he could work only about half time, and on October 16, 1968 filed a petition for further compensation. Upon hearing, the Commissioner concluded, by decree dated January 3, 1969, that "(t)here is no evidence before the Commission on the pending Petition that the employee's condition has changed since the preceding decree from a physical point of view, and the employer * * * cannot be held to furnish him with employment exactly tailored to his needs," and dismissed the petition.

■ The decree of July 10, 1968 expressed in terms of "*a* work capacity" (emphasis added) is ambiguous but the Commissioner's holding that by reason of that capacity the employee should *return to his employment* justifies the conclusion that

the appellant was found to have no incapacity within the terms of the Workman's Compensation Act (Act). See Ray's Case, 122 Me. 108, 110, 119 A. 191, 33 A.L.R. 112.

"Nothing else appearing, the status thus established is presumed to continue." Orff's Case, 122 Me. 114, 117, 119 A. 67, 68.

Incapacity for work "includes, according to nearly all authorities, not merely want of physical ability to work, but lack of opportunity to work" (Ray's Case, *supra*, 122 Me. at page 110, 119 A. at page 191), "due neither to claimant's own fault subsequent to the accident, nor to illness not connected with the accident, nor to general business depression." Milton's Case, 122 Me. 437, 441, 120 A. 533, 535.

The decree of January 3, 1969 is confirmatory of the physical condition as found by the decree of July 10, 1968 but the declaration that the employer has no obligation "to furnish him with employment exactly tailored to his needs" implies a previous finding of partial incapacity rather than no incapacity. This ambiguity is not controlling, however, for whatever the July 10th decree meant in terms of physical ability, the January 3rd decree declared it to be unchanged.

By the petition for further compensation appellant assumed the burden of proof upon the issues raised. Starbird v. Livermore Shoe Co., Me., 239 A.2d 170. The pleading raises only one issue,—the existence of partial incapacity within the terms of the Act. This issue involves proof of a) physical disability, partial in extent, b) that the industrial accident which caused the original disability is the cause of the presently alleged partial disability, and c) that he is unable to find gainful employment within his physical ability, whereby his earning power is less than that at the time of the accident. *Ray's Case, supra.*

Employee admits by his part-time work record that he is not totally incapacitated. He has established by this record that his earnings have been less than those at the time of his injury but his evidence was not found by the Commissioner to preponderate in establishing x) that his lesser earnings were due to the accident, and y) that he had been unable to find full-time gainful employment within his physical ability. There is no contention that a general business depression exists. The infirmities in employee's proof is equally fatal to the establishment of partial incapacity from a previous finding of no incapacity and to the establishment of continued partial incapacity from a previous finding of partial incapacity.

It is not apparent that the Commissioner has disregarded evidence which has probative force in favor of appellant. There is no error of law and his decision is not to be set aside. See Robitaille's Case, 140 Me. 121, 126, 34 A.2d 473.

Appeal denied.