**Brendan W. GORRIE**

v.

**ELLIOTT JORDAN & SON, INC., and American Mutual Liability Insurance Company.**

Supreme Judicial Court of Maine.

Dec. 13, 1979.

Sunenblick, Fontaine & Reben by Donald F. Fontaine (orally), Stephen P. Sunenblick, Portland, for plaintiff.

Mitchell, Ballou & Keith by Kevin M. Cuddy (orally), Bangor, for defendants.

Before McKUSICK, C. J., and POMEROY, WERNICK, GODFREY, NICHOLS and GLASSMAN, JJ.

WERNICK, Justice.

On October 31, 1977 appellant Brendan W. Gorrie sustained an injury to his back in the course, and arising out, of his employment with appellee Elliott Jordan & Son, Inc. Under an approved agreement he was paid compensation for total incapacity at the rate of $145.62 per week commencing as of November 3, 1977.

On April 7, 1978, the employer filed with the Worker's Compensation Commission a Petition for Review of Incapacity in which it was expressly stated that "[p]ending hearing on this Petition, compensation has not been suspended." After a hearing, held initially on May 17, 1978 and continued on July 13, 1978, the Commission issued a decision on December 1, 1978. The decision said plainly and specifically that it

> "relates to a Petition for Review filed by the employer on *April 7*, 1978." (emphasis added)

The decision further stated that the worker "is *at present* being compensated under an Agreement approved March 3, 1978 . ." (emphasis added) for total incapacity, this statement being consistent with the employer's representation in the April 7, 1978 Petition that compensation had not been suspended.

The Commission's decision adjudicated that "as of the time of the last hearing in July 1978", the worker "had recovered 75% of his pre-accident work capacity." Compensation was ordered paid for partial disability, at the rate of $36.38 per week commencing December 1, 1978.

From the judgment entered pro forma in the Superior Court on the Commission's decision the worker has appealed to this Court.

We deny the appeal.

### 1.

As his first point on appeal, the worker raises an issue arising from circumstances outside the employer's *April* 7, 1978 Petition for Review. These circumstances are that on May 12, 1978 the employer filed with the Commission a document entitled "Amended Petition for Review of Incapacity" which repeated the allegations of the April 7th Petition except that the prior statement of a non-suspension of compensation payments was changed to read:

"Pending hearing on this Petition, compensation was suspended on May 9, 1978."

A document entitled "Certificate Required Before Suspension Of Compensation On Petition For Review Of Incapacity" was filed with the May 12th "Amended Petition." This "Certificate" was signed by the employer's attorney and contained the statement:

"The petitioner hereby certifies that the above-named employee: [xx] Has left the State."

At the hearing on May 17, 1978 the attorney for the worker made mention of these additional circumstances and asked the Commission (1) to decide that the certificate was defective on its face, for failure to comply with the requirements of 39 M.R. S.A. § 100 [1] and, therefore, that the employer impermissibly suspended payment of compensation; and (2) to order, as the remedy for the violation, that the employer make an "immediate reinstatement of benefits" and also pay a "penalty of $25.00 per day . . ." as provided by 39 M.R.S.A. § 104A, subsection 2. The Commissioner responded:

"I'm not going to rule . . . on that question here because you raised some questions that I have to consider. You cited some law that I have to review. . . . I will rule promptly . . . on the validity of the certificate; but I don't mean within a week."

At the continued hearing on July 13, 1978 neither the attorneys nor the Commissioner referred to the "Certificate" issue or to the fact that a ruling on the question had not yet been made.

The worker now asks this Court to decide whether his compensation benefits were "properly suspended by the . . . [employer's] filing with the Commission of an unsigned, unsworn certificate indicating only that the . . . employee has left the State."

We conclude, however, that we cannot address the issue in this appeal.

As we have already mentioned, the appeal before us is taken from a decision of the Commission, embodied in a Superior Court judgment entered pro forma on it, which states in plain terms that it decides *that* Petition for Review the employer filed on April 7, 1978. The scope of the decision as limited strictly to the April 7, Petition is further manifested by the express statement in the decision, in conformity with the April 7th Petition's representation of a *non-suspension* of compensation payments pending decision, that "at present" the worker is "being compensated" for total incapacity under an Agreement approved March 3, 1978.[2]

---

1. As pertinent here, 39 M.R.S.A. § 100 provides:

"Pending a hearing and final decision upon such petition for review, . . . the payment of compensation shall not be decreased or suspended unless and until a certificate of the employer or his insurance carrier is filed with the commission stating that the employee has left the State for reasons other than returning to his permanent residence at the time of injury . . . ."

2. Although in this appeal the worker contends that on May 10, 1978 the employer impermissibly suspended payments of compensation to him, he does not claim the Commissioner erro-

neously stated facts in saying that the worker was receiving compensation for total incapacity "at present." Moreover, despite the statement by the Commissioner at the hearing on May 17, 1978 that "promptly", but perhaps not "within a week", he would rule on the issue of whether the employer's suspension of compensation payments to the worker on May 10th was impermissible because a facially defective certificate had been filed, the Commissioner had not yet made such a ruling as of July 13th, some four weeks later, when hearing was resumed. In addition, at that time, contrary to what would be reasonably expected were the worker in the predicament of having received

■ Thus, this appeal brings before us *only* the Commission's decision on the employer's *April 7, 1978* Petition for Review, as to which no suspension of payment or justifying Certificate is involved. We cannot, therefore, consider the worker's contention regarding an allegedly impermissible suspension of compensation payments possibly occurring after April 7, 1978, as a collateral incident of the proceeding then instituted, no decision of that issue having been brought before us.

### 2.

The other point the worker raises on appeal is that the Commission committed legal error in deciding that his prior total incapacity had diminished, as of July 13, 1978, to a 25% partial incapacity. More particularly, the contention is that even though the medical evidence warranted a finding that the worker had regained 75% of his pre-injury physical ability to work, evidence adduced concerning his having been unable to obtain remunerative employment despite having searched for it required, as a matter of law, that he be adjudged still totally incapacitated, in accordance with the legal principle enunciated in cases such as *Bowen v. Maplewood Packing Company,* Me., 366 A.2d 1116 (1976).

■ The contention fails. Far from reaching the controlling legal level asserted by the worker, the evidence he presented regarding his work search raised basic issues of fact on which the determinations of the Commissioner, as the fact-finder, are final if they are not clearly erroneous. True, the decision does not tell us what these factual determinations by the Commissioner were. But under 39 M.R.S.A. § 99, as amended effective July 6, 1978, the Commission had no legal obligation to state its findings of fact since the worker had not requested them. We therefore review the Commissioner's decision by treating him as having made whatever factual determinations could, in accordance with correct legal

concepts, support his ultimate decision, and we inquire whether on the evidence such factual determinations must be held clearly erroneous. We conclude that on the evidence, here, the factual determinations to be attributed to the Commissioner are not clearly erroneous. Accordingly, we sustain his ultimate decision that as of July 13, 1978, the worker's total incapacity had diminished to a 25% partial incapacity.

The entry is:

Appeal denied.

Judgment affirmed.

Further ordered that the employer, Elliott Jordan & Son, Inc., pay to the worker, Brendan W. Gorrie, an allowance of $550.00 for counsel fees plus his reasonable out-of-pocket expenses for this appeal.

ARCHIBALD, J., did not sit.

---

no compensation since May 10th, counsel for the worker made no further request for a quick ruling on grounds of urgency and, indeed, made

no reference whatever to the "certificate" issue.