Herbert E. RONCO

v.

DIAMOND MACHINE COMPANY, INC.
and Hartford Accident and Indemnity
Insurance Company.

Supreme Judicial Court of Maine.

Argued Nov. 19, 1980.

Decided Jan. 30, 1981.

Gauvreau & Thibeault, N. Paul Gauvreau, Lewiston, for plaintiff.

Norman & Hanson, Theodore H. Kirchner (orally), John M. Wallach, Portland, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ.

McKUSICK, Chief Justice.

The employee, Herbert E. Ronco, appeals from the *pro forma* decree of the Superior Court (Androscoggin County) entered on a decision of the Workers' Compensation Commission dated January 16, 1980. That decision denied Ronco's petition for an award of compensation expressly on the ground that he had failed to meet his burden of establishing that he gave notice of the injury to his employer pursuant to 39 M.R.S.A. § 63 (1978).[1] The employee asserts that his failure timely to notify his

---

1. 39 M.R.S.A. § 63 provides in pertinent part:

No proceedings for compensation under this Act, except as provided, shall be maintained unless a notice of the injury shall have been given within 30 days after the date thereof. Such notice shall include the time, place and cause, and the nature of the injury, together with the name and address of the person injured. It shall be given by the person injured or by a person in his behalf ...

Such notice shall be given to the employer ...; or, if the employer is a corporation, to any official thereof; or to any employee designated by the employer as one to whom reports of accidents to employees should be made. It may be given to the general superintendent or to the foreman in charge of the particular work being done by the employee at the time of the injury.

employer of the injury is excusable because during the section 63 notice period 1) he was physically incapacitated and thus unable to give notice, 2) he mistakenly believed that his injury was not related to his employment, and 3) the employer had independent knowledge of the injury. We deny the appeal.

On Friday, September 8, 1978, in the course of his employment as a welder with Diamond Machine Company, Ronco sustained a neck injury while attempting to lift a snowplow blade onto a bench. Although he felt some pain in his neck, which he mentioned to a fellow employee, Ronco finished his shift. Shortly after reporting for work on the following Monday, however, the employee began to experience repeated pain in his neck, and he left work after several hours.

■ By the end of September, the discomfort Ronco was suffering had become severe enough to require his hospitalization for a week. He did not return to work until the beginning of November 1978. On November 24 Ronco filed his petition with the Workers' Compensation Commission. In its answer the employer denied liability and asserted that Ronco had failed to give it notice of his injury within 30 days of the accident. After hearings, the commissioner determined that Ronco had not met his burden of proving timely notice under section 63 and "dismissed" the petition.[2]

In his decree the commissioner made explicit factual findings to support his conclusion that the employee had not timely notified the employer of his injury. The commissioner found that while Ronco had told his foreman that his neck hurt when he left work early on the Monday following his accident, he had not indicated what he thought might have caused the pain. Shortly after his injury, Ronco also asked a friend to call Diamond to explain that he would not be reporting for work, but the

friend likewise did not say that Ronco believed he had been injured on the job. Sometime after Ronco was released from the hospital late in September, he visited the office of Diamond's bookkeeper to ask some questions about workers' compensation; on that occasion, however, he stated that he believed his symptoms might be the result of an earlier injury. The commissioner concluded that Ronco did not inform Diamond of the circumstances of his injury until he returned to the bookkeeper's office and completed an accident report for Diamond on October 13, 1978, some 35 days after the September 8 accident.

■ On appeal the employee does not attack the commissioner's finding that he had not met his burden of establishing that he had notified his employer of his injury within 30 days of the accident, as required by section 63. However, he does contend here, as he did before the commissioner, that his failure to give the section 63 notice is in any event excused under section 64, which provides that want of the 30-day notice

> shall not be a bar to proceedings under this Act if it be shown that the employer or his agent had knowledge of the injury. Any time during which the employee is unable by reason of physical or mental incapacity to give said notice, or fails to do so on account of mistake of fact, shall not be included in the 30-day period specified . . .

39 M.R.S.A. § 64 (1978). We do not accept the employee's contention. The employee's claims of section 64 excuse were not mentioned in the decree, but they were argued and were the subject of evidence before the commissioner. By finding that the employee's petition for compensation was barred by his failure to give notice within 30 days, the commissioner necessarily rejected those asserted excuses. Although entitled to do so by 39 M.R.S.A. § 99,[3] the employee there-

---

**2.** A determination of the merits adverse to a petitioner should be denominated a "denial." *Coty v. Town of Millinocket*, Me., 423 A.2d 524, 525 n. 1 (1980).

**3.** The pertinent portion of 39 M.R.S.A. § 99, enacted by P.L.1978, ch. 632, § 2, is as follows:

> The commissioner shall, upon the request of a party made as a motion within 10 days after notice of the decision, or may upon its own motion find the facts specially and state separately its conclusions of law thereon . . .

after made no request for findings of fact. The Law Court thus must review the commissioner's decision by "treating him as having made whatever factual determination could, in accordance with correct legal concepts, support his ultimate decision, and we inquire whether on the evidence such factual determinations must be held clearly erroneous." *Gorrie v. Elliott Jordan & Sons, Inc.*, Me., 408 A.2d 1008, 1011 (1979).

■ The record in the case at bar contains sufficient evidence to support factual findings rebutting all three excuses provided for under section 64. The evidence justifies the commissioner's rejection of the employee's argument that his hospitalization for a week incapacitated him, within the meaning of section 64, from notifying Diamond of his injury. The commissioner could find that Ronco's friend who telephoned Diamond's bookkeeper to inform her of Ronco's absence did so while Ronco was in the hospital and at his request. The commissioner therefore could rationally have concluded that Ronco in fact had the ability to notify his employer of the nature of his injury even while he was hospitalized. Also, the commissioner was justified in finding that Ronco understood from the moment the accident occurred that his injury was related to his work for Diamond, but that Ronco told Diamond's bookkeeper that his injury was the result of an earlier accident out of fear of losing his job. The record similarly supports the implicit finding that Diamond never knew of the injury until Ronco himself informed the bookkeeper after the expiration of the 30-day notice period. The commissioner's rejection as a factual matter of Ronco's claims of section 64 excuses from the time-bar of section 63 cannot be said to be clearly erroneous.

The entry must be:

Appeal denied.

*Pro forma* decree of the Superior Court affirmed.

Further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550 together with his reasonable out-of-pocket expenses for this appeal.

All concurring.