**Robert L. LELIEVRE**

v.

**PITT CONSTRUCTION, INC. et al.**

Supreme Judicial Court of Maine.

Argued Nov. 12, 1981.

Decided Dec. 3, 1981.

order for trial immediately.

---

1. On a trailing docket, as each case is disposed of by trial or otherwise, the next case is in

McTeague, Higbee & Tucker, Catherine A. Rotroff (orally) and Ralph L. Tucker, Brunswick, for plaintiff.

Richardson, Tyler & Troubh, Eve H. Cimmet (orally), David O'Brien, Robert E. Noonan, Portland, for defendants.

Before McKUSICK, C. J., ROBERTS, CARTER, VIOLETTE and WATHEN, JJ., and DUFRESNE, A. R. J.

McKUSICK, Chief Justice.

The employee, Robert Lelievre, appeals from the *pro forma* judgment of the Superior Court affirming the Workers' Compensation Commission's decree which, while finding that Lelievre had a 50% disability from April 24, 1978, until November 6, 1979, found he had no disability thereafter. We sustain the appeal and remand the case to the commission for further proceedings relative to the employee's condition subsequent to November 6, 1979.

Lelievre, of French-Canadian ancestry, speaks broken English, cannot write in English, reads English with difficulty, and has had only three years of formal schooling. Throughout his adult life, Lelievre, who is now 59, has exclusively worked laying heavy pipe and cutting trees. Both jobs involve strenuous physical labor.

While Lelievre was working for the employer, Pitt Construction, Inc., on August 30, 1976, a backhoe ran over the lower part of his left leg and foot, crushing the lower left portion of his leg. By an approved agreement with his employer, he received compensation for total disability from the date of the injury through April 11, 1977, at which time he took a raking job with the employer. Further surgery was performed in July of 1977 to remove a pin from his left foot. At that time the employer resumed total compensation payments, but without an agreement, and continued making payments until April 24, 1978, when compensation was stopped.

In July of 1978 the employee filed a petition for further compensation with the Workers' Compensation Commission. In

November, 1980, the commissioner rendered his decision now on appeal to this court. The commissioner had heard Lelievre testify in person before him on November 6, 1979. The commissioner found Lelievre had fully recovered as of that date, but up to that date he allowed Lelievre compensation for 50% disability. On appeal, neither the employee nor the employer contests the 50% disability found for the period prior to November 6, 1979. However, employee Lelievre contends that nothing in the record justifies the commissioner's cutting off compensation completely on that date.

The only evidence directly bearing on Lelievre's work capacity as of November 6, 1979, is his own testimony at the hearing held on that date. Lelievre testified that he could not stand for more than fifteen minutes at a time, that he could not rake leaves in his yard without resting every fifteen minutes, and that on his "best days" he could walk only a quarter of a mile without stopping. He said that during the heat of the summer in 1979 his foot bothered him more than it had the previous summer. A comparison with his testimony of a year earlier suggests that his condition may have deteriorated slightly as of November, 1979; at the earlier hearing he stated that on good days he could walk about a mile and that he could stand fifteen to twenty minutes without sitting down. In 1978, however, he had also testified that he had difficulty climbing the stairs in his house and walking on rough ground.

The only medical evidence, that given by three different physicians, described Lelievre's condition during the period from January, 1977, through October, 1978. Dr. Oliviero, who examined the employee in August, 1978, and Dr. Rowe, who examined him periodically from January 1977, to May, 1978, reported that Lelievre could not perform heavy labor that involved lifting, stooping, climbing, or walking on rough or uneven surfaces. Dr. Southall, who testified on the basis of an examination of the employee in October of 1978, noted symptoms similar to those observed by Drs. Oliviero and Rowe, but he stated that he could not specify any restrictions on the work Lelievre could perform. Dr. Southall further testified that "with exercise or use" his physical limitations "might improve." On cross-examination he said that to assess the consequences of injuries suffered by workers' compensation claimants, ". . . what you do is advise the patients to try and increase their activity as they can . . . ." When asked what impact heavy labor would have on Lelievre's condition, he stated: "Frankly, I don't know. . . . I really think the way to find out is to do some of these things [i. e., heavy labor]."

■ The extent to which a claimant is disabled is a question of fact upon which the commissioner's decision is final if there is competent evidence in the record to support it. *Dunton v. Eastern Fine Paper*, Me., 423 A.2d 512, 517 (1981). An employee is partially disabled if his capacity to earn is impaired relative to his capacity prior to the work-related injury. 39 M.R.S.A. § 55 (Supp.1981). In the case at bar, the employee, in order to carry his burden to prove his entitlement to *some* worker's compensation benefits on and after November 6, 1979, needed to show only that *some* of the previously incapacitating effects of his injury continued.

■ In its brief and at oral argument, the employer has conceded that the record before the commissioner and now here on appeal contains no evidence that Lelievre could on November 6, 1979, and after, return to anything more than light work and that there is no evidence showing an earnings equivalence between such light work and the heavy construction work and tree cutting that he had previously performed. That concession is fatal to the employer's argument that the commissioner had competent evidence before him from which he could conclude that Lelievre's earning capacity was no longer impaired as of November 6, 1979.

Although the commissioner on that date saw Lelievre and heard him testify,[1] the commissioner had before him no medical evidence pertinent to a date more recent than thirteen months earlier, and, as conceded by the employer, the medical testimony was at most that the employee could do light work. Dr. Southall's testimony does not alter that characterization of the medical evidence on the record. His statements were in effect a recommendation that Lelievre try to return to work. Such testimony does not constitute evidence to support a finding of recovery of work capacity. *See Grant v. Georgia-Pacific Corp.*, Me., 394 A.2d 289 (1978). In view of the employee's burden of proof on a petition for further compensation and the deference that the Law Court accords findings of fact by the commissioner, the sparseness of the record by itself would ordinarily not justify our overruling the commissioner's findings. However, the employer's concession eliminates any possible doubt that on the present record there is no evidence supporting a finding that Lelievre had at any time regained completely his work capacity. On this particular record, as explained by the employer's candid concession, the commissioner's determination of the employee's complete recovery by November 6, 1979, cannot stand.

The case must be remanded to the commission for a determination, after the presentation of such further evidence as the parties may desire, of the degree of Lelievre's earning incapacity, if any, from November 6, 1979, onward. On remand, neither party will be bound by the limitations of the present record or by any concession made on the basis of that record. The employee will continue to bear the burden of proof since the remanded proceedings will still be on his petition for further compensation. That petition has been determined finally for the period up to November 6, 1979, since neither party has appealed from that part of the commissioner's decree. Because on his petition the employee

at all times carries the burden of establishing the extent that any physical disability, caused by his original on-the-job injury, continues to impair his earning capacity, *see Bowen v. Morin Brick Co.*, Me., 259 A.2d 41, 43 (1969), we cannot on appeal substitute a finding that Lelievre's incapacity extends beyond November 6, 1979, at the previously determined 50% rate, as he has urged this court to do.

The entry is:

Appeal sustained.

*Pro forma* judgment of the Superior Court vacated.

Remanded to the Workers' Compensation Commission for further proceedings consistent with the opinion herein.

It is further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550.00, together with his reasonable out-of-pocket expenses for this appeal.

All concurring.

1. All of the rest of the record evidence had been taken out in deposition or before another commissioner.